Argued and submitted September 9, 1982, affirmed February 1, 1983

## MULTNOMAH COUNTY et al,
*Respondents on review,*

*v.*

## TALBOT,
*Petitioner on review,*

## AMBASSADOR APARTMENT ASSOCIATES et al,
*Intervenors-petitioners on review.*

(CA 19960, SC 28573)

657 P2d 684

Stephen T. Janik, Portland, argued the cause for petitioners on review. With him on the briefs were E. Walter Van Valkenburg, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

John B. Leahy, County Counsel, Portland, argued the cause for respondents on review. With him on the brief was Richard E. Busse, Chief Deputy County Counsel, Portland.

PER CURIAM

Roberts, J., dissenting.

480

## PER CURIAM

This case arose following the designation of the Ambassador Apartment in downtown Portland as "historic property," ORS 358.475-.565, and involves (1) whether the Tax Court or circuit court has jurisdiction of the cause, (2) whether the Multnomah County assessor has standing to appeal the decision of the State Historic Preservation Officer, and (3) whether the State Historic Preservation Officer had statutory authority to treat the application as being made at a time when the property was not listed in the National Register. The Court of Appeals, by a 5-4 vote and with four opinions which discuss all facets of the issues, affirmed the trial court.

We agree with the Court of Appeals majority opinion and adopt it as our own. We add, however, the following in response to a contention made in the petition for review.

The Court of Appeals opinion states:

"ORS 358.485 provides that: 'An owner of *historic property* desiring classification and assessment under ORS 358.475 to 358.545 shall make *application* to the county assessor * * *,' (emphasis supplied) who, in turn, refers the application to the preservation officer for processing and decision. ORS 358.490(1). ' "Historic property" means real property that is *currently listed* in the National Register of Historic Places * * *.' (Emphasis supplied.) ORS 358.480(1). If the application is approved, the property is assessed for the next 15 years at its true cash value 'at the time application under ORS 358.485 was made.' ORS 358.505(1).

"The question is whether the preservation officer had statutory authority to treat the application as being made at a time when the property was not listed in the National Register, but became listed before certification, or whether the application may not be treated as made until the property is listed in the National Register. That question is important, because the answer determines when an application is made for purposes of determining the date as of which the assessed valuation is frozen under ORS 358.505(1). Here, intervenors submitted an application in 1978 for special assessment treatment commencing in 1979, but the property was not listed in the National Register until February 1979. Whether the application was 'made' within the meaning of the statute in 1978 or in 1979 will

determine the date as of which the assessment is frozen." (Footnote omitted.) 56 Or App at 245.

The trial court, in reversing the order of the State Historic Preservation Officer approving the application for special assessment, entered a conclusion of law reading as follows:

"4. Currently listed means listed at the present time, and ORS Chapter 358 requires that property be listed at the time of application for special assessment treatment in order for Respondent to have authority to grant approval for that treatment."

The Court of Appeals upheld the trial court analysis and decision.

In their petition for review, the property owners contend for the first time that the application should be treated as having been made in the year that the property was listed in the National Register (1979), and that because listing occurred before approval was granted, the proper disposition of this case is to "reverse the trial court and affirm the [preservation officer] order, subject to the Court's holding that the effective date of the application was not until February of 1979."

Although the last sentence in the above quotation from the Court of Appeals opinion may have encouraged the owners to make this contention in their petition for review, we agree with the holding and disposition of the Court of Appeals majority. "Historic property" is historic property only if it "is currently listed in the National Register of Historic Places." The preservation officer could approve the application only if the property was listed in the National Register at the time the application was submitted. Later listing did not breathe life into an application which had no validity at the time it was filed.

We agree with the trial court and the Court of Appeals that the preservation officer erroneously approved the application.

Affirmed.

**ROBERTS, J.,** dissenting.

I dissent from the majority opinion because I agree with the dissent written by Judge Gillette in the Court of

Appeals which reasoned that the county tax assessor did not have standing to appeal the decision of the state historic preservation officer.

ORS 358.495(3) provides:

"(3) *Any owner whose application for classification has been denied by the state historic preservation officer may appeal* to the circuit court in the county where the land is located, or if located in more than one county, in that county in which the major portion is located." (Emphasis supplied.)

The language could not be clearer that only the property owner has standing to appeal. The legislature may be surprised to learn that the special procedure it provided for property owners has now been judicially turned into an APA procedure.

I respectfully dissent.