Argued and submitted December 6, reversed and remanded April 19, petition for rehearing denied June 7, 1983

# SANOK,
### *Appellant,*
*v.*
# GRIMES et al,
### *Respondents.*
## (OTC 1736, SC 28554)
662 P2d 693

Fred G. Brown, Klamath Falls, argued the cause for appellant. With him on the brief was Thomas D. Kershaw, Jr., Klamath Falls.

Theodore W. de Looze, Special Assistant County Counsel, Salem, argued the cause and filed the brief for respondents.

Before Lent, Chief Justice, and Linde, Peterson, Campbell, Roberts and Carson, Justices.

LENT, C. J.

## LENT, C. J.

## I. INTRODUCTION

Taxpayer brought an amended complaint in the tax court, naming as defendants the county assessor and three county appraisers. Defendants, all four of whom are named both individually and in their official capacity, moved to dismiss on grounds that they are not proper parties and that the Department of Revenue (Department) is a necessary party not joined. Plaintiff argued that jurisdiction is proper in the tax court because all his claims "arise under" tax law, and moved to join the Department if it is a necessary party.

The tax court denied the motion to join and dismissed the complaint. It appears from the tax court's order that in substance the ground for dismissal was lack of jurisdiction over the subject matter.[1] The order states that

---

[1] The tax court has adopted those rules of ORCP relevant to this case. ORCP 30 provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . ."

We therefore assume that misjoinder of parties was not the reason for dismissing this complaint, and that the tax court would have permitted adjusting the party structure to fit a complaint within its jurisdiction.

ORCP 30 is ambiguous regarding whether nonjoinder of a necessary party is grounds for dismissal. The second sentence prescribes conditions under which a party may be added, but these could be either proper parties only or also necessary parties. However, the heading of the rule — "Misjoinder and Nonjoinder of Parties" — and the comment of the drafters — "Misjoinder or nonjoinder are presently asserted by demurrer, motion to strike, or pleading" — suggest that the first sentence of the rule applies to nonjoinder.

ORCP 30 is identical in text and heading with Fed R Civ Proc 21, which is often paraphrased as providing that misjoinder *or non-joinder* of parties is not ground for dismissal. *See, e.g. Sabolsky v. Budzanoski,* 457 F2d 1245, 1249 (3rd Cir), *cert den* 409 US 853, 93 S Ct 65, 34 L Ed 2d 96 (1972); *Lyons v. Sanders,* 120 F Supp 392, 394 (WD Ky 1954). Most federal courts interpret FRCP 21 as providing that failure to join indispensable parties is not ground for dismissal of an action. *See, e.g., Teamsters Local U. No. 116 v. Fargo-Moorhead Auto Dlrs. Assoc.,* 620 F2d 204, 206 (8th Cir 1980); *Eastman v. United States,* 28 F Supp 807, 810 (WD Wash 1939); *Contra, Wash. Inst. of Tech.,* 138 F2d 25 (3rd Cir 1943); *Neher v. Harwood,* 128 F2d 846, 852 (9th Cir), *cert den* 317 US 659, 63 S Ct 57, 87 L Ed 529 (1942).

Generally, federal courts have dismissed for nonjoinder only when there was some legal bar to joinder. *See Clark v. St. of Wash.,* 366 F2d 678 (9th Cir), *cert den* 375 US 986, 84 S Ct 519, 11 L Ed 2d 473 (1966) (sovereign immunity);

the only ground for its jurisdiction is through appeal from the Department's order by a person aggrieved and directly affected thereby, and that the constitutional torts alleged in the complaint are outside its jurisdiction. Although pleadings must be liberally construed, ORCP 12 A., and may be freely amended when justice so requires, ORCP 23 A., the court concluded that it "can find no feasible way to rework the amended complaint to bring it within the court's jurisdiction." We reverse and remand, holding that some of the claims of the complaint do "arise under" tax law and hence are within the tax court's jurisdiction.

## II. FACTS ALLEGED

Plaintiff's amended complaint alleges the following facts:

In 1972, plaintiff purchased 30 acres of land in an unincorporated area of Klamath County 30 miles east of Klamath Falls. The land was zoned AF (Agriculture Forestry). In each year since 1975, plaintiff has planted pine trees on the property.

In 1976, the county assessor designated plaintiff's property as "forest land" eligible for special property tax assessment pursuant to ORS 321.810 and 321.815. The assessor told plaintiff he could work at his own pace trimming, clearing and planting the land. Later in 1976, defendant Grimes was elected county assessor.

Beginning in 1978, the three defendant appraisers visited plaintiff's property in their official capacities as employees of the county assessor. They never visited the portions of plaintiff's property where he was engaged in forest practices and never discussed plaintiff's forest practices with him or his family. They did not inform plaintiff that his forest land designation was in jeopardy. Defendants were investigating what they believed might be a violation of the minimum tree-stocking requirements of former OAR 150-321.285, a regulation that had been repealed almost three years earlier.

*Oikarinen v. Alexian Bros.,* 342 F2d 155 (3rd Cir 1965) (jurisdictional amount); *Truncale v. Univ. Pictures Co.,* 82 F Supp 576 (SD NY 1949) (abatement); *General Houses v. Reconstruction Finance Corp.,* 81 F Supp 202 (ND Ill 1948) (personal jurisdiction); *Royal Elec. Co. v. Ralco Rlty. Corp.,* 16 FRD 575 (D Conn 1954) (diversity jurisdiction). Here there is no such bar.

In May of 1981, defendants again inspected plaintiff's property. Defendants asserted that the land did not qualify for forest land designation because it contained less than 500 trees per acre, although this requirement applied only to land being used to grow christmas trees. Plaintiff began planting Ponderosa Pine trees in an effort to keep his forest land designation.

Defendants led plaintiff to believe that he could keep his forest land designation if he submitted a reforestation plan approved by the state forester. Plaintiff contacted the forester for his district, who helped him develop a reforestation plan. The state forester told defendants about their misapplication of the minimum stocking law and asked them to tell plaintiff, but they failed to do so. The state forester inspected the property and expressed the opinion that it was properly designated as forest land.

Thereafter, defendants notified plaintiff that his land had been removed from forest land deferral. No specific reason was given. The assessed value of the land was increased, although the record is confusing as to the amount of increase. Plaintiff appealed to the Klamath County Board of Equalization. The board held it lacked jurisdiction to hear anything relating to forest land designation.

Plaintiff appealed to the Department. At the hearing, plaintiff alleges, he was inadequately represented by counsel, who cited inapplicable statutes and did not cite laws and make arguments favoring plaintiff. Defendants submitted a 61-page appraisal report they had prepared. Plaintiff had not seen this report and did not have an adequate chance to examine it during the hearing. The opinion and order of the Department used this report as a basis for denying most of plaintiff's appeal. When plaintiff subsequently examined the report, he found numerous misleading and false statements including at least one example of apparently deliberate misrepresentation.

We repeat that the foregoing "facts" are but the allegations of plaintiff's complaint in the tax court.

The opinion and order of the Department, No. VL 81-1228, dated November 27, 1981, held that the applicable

statute is ORS 321.420(2), which provides that eastern Oregon forest land shall be taxed in accordance with ORS 321.805 to 321.825.[2] ORS 321.805 defines "forest land" in eastern Oregon for purposes of this special assessment. The corresponding regulation provides that to qualify as forest land, either the land must have at least a poor stock of established seedlings or the owner must be making a reasonable effort toward reforestation as indicated by standard forestry practice.[3] Based on the evidence at the hearing, the Department found that plaintiff had not been making reasonable efforts toward reforestation, but that five acres were adequately stocked. Accordingly, the Department ordered five acres reinstated for forest land deferral, and denied plaintiff's appeal regarding the remaining 25 acres.

---

[2] ORS 321.420(2):

"Beginning January 1, 1972, and each year thereafter, forest land [in eastern Oregon] shall be appraised by the various county assessors and such forest land shall continue to be assessed and taxed in accordance with ORS 321.805 to 321.825."

[3] ORS 321.805:

"As used in ORS 321.805 to 321.825, unless the context requires otherwise:

"(1) 'Forest land' means land east of the summit of the Cascade Mountains. . . ; and which either is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forest land under ORS 321.805 to 321.825, or is land the highest and best use of which is the growing and harvesting of such trees. Forest land is the land alone.

". . . .

"(3) The 'summit of the Cascade Mountains' shall be considered to be a line. . . along the western boundar[y] of the count[y] of. . . Klamath. . . ."

OAR 150-321.805 (emphasis in orig.):

"1. *Forest land* is defined as land which either is being held for the predominate purpose of growing and harvesting trees of a marketable species and has been designated as forest land, or is land, the highest and best use of which is the growing and harvesting of such trees.

". . . .

"4. The unsupported statement of an owner that land *is being held* for the predominant purpose of growing and harvesting of trees of a marketable species is not sufficient basis for determining that such land is forest land. The land must have growing upon it at least a poor stocking (as determined by standard forestry practice) of established seedlings of a marketable species or, if trees have been harvested from the land and no such stocking is present, the owner must be making such reasonable efforts toward reforestation as are indicated by standard forestry practice."

The amended complaint in the tax court does not name the Department as a defendant, but a copy was sent to the Department. The complaint alleges that in removing plaintiff's property from forest land designation, defendants deprived plaintiff of his rights under ORS 321.805 through 321.825, ORS 527.610 through 527.730, ORS 321.367(4), ORS 321.820(1)(b), and the regulations thereunder, and that contravening these statutes violated the guarantees of the federal Fourteenth Amendment and Article I, section 10 of the Oregon Constitution. The complaint further alleges defendants acted with bad faith and malice, in that their purpose was to establish assessment precedent, they wrote and used a report which they knew or should have known was misleading and false, they caused plaintiff to incur needless expense, and they intentionally inflicted extreme emotional distress.

The amended complaint seeks nine specific items for relief:

(1) appointment of a special prosecutor;

(2) a declaration that plaintiff was ineffectively represented by his attorney at the Department hearing;

(3) a declaration that defendants determine the adequacy of the plaintiff's forest practices;

(4) a declaration that defendants must follow ORS 321.367(4) or, in the alternative, finding it unconstitutional;

(5) a declaration that plaintiff was engaged in adequate forest practices;

(6) reinstatement of plaintiff's forest deferral;

(7) refund of excess taxes paid by plaintiff;

(8) $5,000 in damages; and

(9) costs, disbursements, and attorney fees.

### III. TAX-COURT JURISDICTION

The issue before us is whether plaintiff's complaint before the tax court falls "within its jurisdiction," ORS 305.405, *i.e.* whether the complaint requires "determination of ... questions ... arising under the tax laws of this

state." ORS 305.410(1).[4] The complaint does cite tax laws of this state. ORS 321.359(2), 321.820(2); *Jarvill v. City of Eugene,* 289 Or 157, 164-66, 613 P2d 1, *cert den* 449 US 1013, 101 S Ct 572, 66 L Ed 2d 472 (1980). The issue, then, is whether the complaint poses questions "arising under" these tax laws. Discussing this issue requires us to review the principles of the tax court's subject-matter jurisdiction.

 Previous opinions have traced the history of ORS 305.405 and 305.410 as first enacted in 1961 and as amended in 1965. *See Rosboro Lumber Co. v. Heine,* 289 Or 909, 618 P2d 960 (1980); *Jarvill, supra,* 289 Or at 163-64. The statutes, as interpreted by our cases, establish the following as the important features of the subject matter over which the tax court has jurisdiction:

(1) Although the Oregon Tax Court is a court of general rather than limited powers, exercising all remedies of a circuit court, it only has authority to adjudicate those cases and issues properly before it. ORS 305.405, 305.435;

---

[4] ORS 305.405:

"As part of the judicial branch of state government, there is created a court of justice to be known as the Oregon Tax Court. The tax court, in cases within its jurisdiction pursuant to ORS 305.410:

"(1) Is a court of record and of general jurisdiction, not limited, special or inferior jurisdiction.

"(2) Has the same powers as a circuit court.

"(3) Has and may exercise all ordinary and extraordinary legal, equitable and provisional remedies available in the circuit courts, as well as such additional remedies as may be assigned to it."

ORS 305.410(1):

"Subject only to the provisions of ORS 305.445 relating to judicial review by the Supreme Court and to subsection (2) of this section [relating to concurrent jurisdiction over lien priorities], the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state. For the purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state: [15 exclusions follow]."

The term "jurisdiction" as used in ORS 305.405(1) ("general jurisdiction") refers to the powers of the tax court over a case properly before it, i.e. what claims the court has authority to decide once a case is within its jurisdiction. The term "jurisdiction" as used in the lead paragraph of ORS 305.405 ("within its jurisdiction") and in this opinion refers to the subject matter of cases which ORS 305.410(1) authorizes to be heard and determined by the tax court, i.e. what cases may properly be brought before the court.

*Mullenaux v. Department of Revenue,* 293 Or 536, 539, 651 P2d 724 (1982).

(2) The 1961 statute, which granted the tax court authority to determine all questions "arising under the tax laws of the state in cases within its jurisdiction," nowhere expressly defined the scope of that jurisdiction. *City of Woodburn v. Domogalla,* 238 Or 401, 405-06, 395 P2d 150 (1964).

(3) The 1961 act expressly created tax court jurisdiction over a number of taxes, 1961 Or Laws chapter 533, sections 40 to 56, and subsequent legislatures have gradually expanded the list of express inclusions. *Jarvill, supra,* 289 Or at 164, note 7.[5]

(4) The 1965 amendments added to ORS 305.410 a list of levies and assessments expressly excluded from tax court jurisdiction. *Id.,* 289 Or at 164, 165. Certain other statutes expressly exclude tax court jurisdiction. *See* ORS 111.085 (probate court jurisdiction).

(5) Where jurisdiction is neither expressly included nor excluded, ORS 305.410(1) provides generally for jurisdiction over cases "arising under the tax laws of this state," a term not defined. *Jarvill, supra,* 289 Or at 164.

(6) The tax court is within the "judicial branch," ORS 305.405, and jurisdiction there excludes jurisdiction in any other trial court. ORS 305.410(1), (3), 305.845. In turn, this leaves jurisdiction in another court when jurisdiction has not been placed in tax court.[6]

---

[5] *See, e.g.* ORS 118.410 (inheritance tax); ORS 294.485, 294.500, 294.515 (local budget law); ORS 307.115(5) (property tax exemption for nonprofit conservancies); ORS 308.595(3) (property tax); ORS 314.466 (income tax); ORS 323.416 (cigarette tax); ORS 321.352(5), 321.359(2), 321.377(4), 321.440(1), 321.765, 321.810(5), 321.820(2) (timber tax).

[6] ORS 305.410(1) says that tax cases must be heard in tax court. In contrast to the Minnesota statute quoted *infra* n. 19, it does not say that only tax cases may be heard in tax court. Nevertheless, this is implicit. The tax court is limited to hearing cases which a statute places within its authority.

Where jurisdiction over a case is positively located in another court, then that procedural fact implies that the case is not one "arising under the tax laws" and is not within the jurisdiction of the tax courts. *See Hayden Is. v. Dept. of Env. Q.,* 4 OTR 69 (1970), *aff'd* 258 Or 597, 484 P2d 1106 (1971) (certification as pollution control facility entitled to tax credit, where Administrative Procedure Act provided for review in circuit court); *Multnomah Cty. v. Talbot,* 56 Or App 235, 239-40,

(7) The only statutory exception where jurisdiction is concurrent is determining priority of property tax liens. ORS 305.410(2).

(8) Jurisdiction over a unified case should not be split between the tax court and another court. *Jarvill, supra,* 289 Or at 167.

Plaintiff notes that the "arising under" language is reminiscent of Article III, section 2 of the United States Constitution and 28 USC § 1331(a) (1976), which establish the limited federal-question jurisdiction of federal courts. But the sprawling jurisprudence analyzing federal jurisdiction is complicated by problems of federalism not presented by a state court of limited subject-matter jurisdiction. Potentially more relevant are comparisons with other tax courts.

When the Oregon Tax Court was created in 1961, it was the first tax court in the United States to be judicial rather than administrative and to have exclusive jurisdiction. The most important existing models were the United States Tax Court and the District of Columbia Tax Court.[7] At that time, both those courts were administrative rather than judicial and had jurisdiction concurrent with judicial courts.[8] The statutes establishing the jurisdiction of those

---

641 P2d 617 (1982), *aff'd* 294 Or 478, 657 P2d 684 (1983) (certification as historic property entitled to frozen tax assessment, where APA provided for review).

Where no statute places jurisdiction in a court of limited subject-matter jurisdiction such as the tax court, then the court of residual jurisdiction is the circuit court. Or Const Orig art VII, § 9. *See Horner's Mkt. v. Tri-Cty. Met. Transp. Dist.,* 2 Or App 288, 293, 467 P2d 671, *aff'd* 256 Or 124, 471 P2d 798 (1970), *disapproved on other grounds Multnomah Cty. v. Mittleman,* 275 Or 545, 557, 552 P2d 242 (1976) (existence of transportation district not within jurisdiction of tax court, hence within jurisdiction of circuit court).

[7] *City of Woodburn v. Domogalla,* 1 OTR 292, 313-315 (1963), *rev'd on other grounds* 238 Or 401, 395 P2d 150 (1964); Phillips, *The Oregon Tax Court: Some Thoughts on its First Decisions,* 42 Or L R 292, 292 (1963).

[8] *Lindner v. Dist. of Columbia,* 32 A2d 540 (DC 1943), held that the predecessor body in the District of Columbia, the Board of Tax Appeals, was an administrative agency, not a court, and that appeal to it was cumulative to and not exclusive of any common law remedy. When the Board was redesignated as the Tax Court by the Act of July 10, 1952, ch 649, § 5, 66 Stat 547 (1952), former D.C. Code § 47-2402, a provision was added expressly providing that the jurisdiction of the special tax court was concurrent, Act § 4, 66 Stat 546, former D.C. Code § 47-708. The current provision for appeal to the Tax Division of the Superior Court

courts is phrased in language not resembling Oregon's.[9] Defining the jurisdiction of an exclusive judicial remedy is a task wholly different from defining that of a concurrent administrative remedy.

Oregon's Tax Court Act bears some resemblance to the Model State Tax Court Act, promulgated in 1957, which was fashioned after the District of Columbia Tax Court.[10] The Model Act provides for a quasi-judicial remedy which is described as "exclusive" but which appears to be only a requirement that administrative remedies be exhausted.[11] The Model Act was not adopted in any jurisdiction.

was enacted by the District of Columbia Court Reform and Criminal Procedure Act of 1970, § 161, 84 Stat 579 (1970), which made tax jurisdiction exclusive and abolished common law remedies, Reform Act § 111, 84 Stat 488-89, D.C. Code, §§ 11-1201 and 1202 (1981).

The U.S. Tax Court is in the executive branch, not the judicial. 26 USC § 7441 (1976); *Old Colony Trust Co. v. CIR*, 279 US 716, 725, 49 S Ct 499, 73 L Ed 918 (1929); *West v. CIR*, 150 F2d 723, 727 (5th Cir 1945) *cert den* 326 US 795, 796, 66 S Ct 488, 90 L Ed 484 (1946); *Hutchings-Sealy Nat. Bk. of Galveston v. CIR*, 141 F2d 422 (5th Cir 1944). Jurisdiction of the U.S. Tax Court is concurrent with that of other courts. *Holtz v. CIR*, 256 F2d 865, 866 (9th Cir 1958); *In re Fotochrome, Inc.*, 346 F Supp 958, 961 (ED NY 1972); *Ellis v. CIR*, 14 TC 484 (1950). "Broadly speaking, the [U.S.] Tax Court has jurisdiction to redetermine tax deficiencies found by the Commissioner of Internal Revenue...." 47B CJS Internal Revenue § 1093 (1982).

[9]

"The Tax Court and its divisions shall have such jurisdiction as is conferred on them by [tax statutes]." 26 USC § 7442 (1976).

"Any person aggrieved by any assessment by the District of any... taxes... may... appeal from the assessment to the Superior Court of the District of Columbia... The Court shall hear and determine all questions arising on appeal...." D.C. Code § 47-3303 (1981). Prior to 1970, appeal was to the Board of Tax Appeals, but the language of this provision was similar. D.C. Code Ency. former § 47-2403 (1968).

[10] Model State Tax Court Act, Prefatory Note, in Handbook of the National Conference of Commissioners on Uniform State Laws 232 (1957).

[11]

"SECTION 7. *[Jurisdiction.]* The court shall have jurisdiction to review assessments of taxes [valuations made for tax purpose] and denials of claims for refund with respect to all taxes assessed by this State or its political subdivisions.... Except as otherwise provided by law,[1] the remedy provided by this Act is exclusive. No person may contest, in any proceeding, any matter reviewable by the court unless he has first availed himself of a hearing before the court...."

"n. 1. If desired, remedy by injunction, by declaratory judgment, or by suit for refund could be preserved."

Model State Tax Court Act § 7, in Handbook, *supra* n. 10 at 235-36 (brackets and emphasis in orig.).

In the intervening two decades, in addition to the District of Columbia Tax Court, which became a judicial body in 1970, *see supra* note 8, two more states have created judicial tax courts, to some extent modeled on Oregon's.[12] None use jurisdictional language resembling ours. The Hawaii Tax Court has jurisdiction limited to the amount of valuation or taxes in dispute,[13] which appears to be narrower than jurisdiction over all questions "arising under" the tax laws. The New Jersey Tax Court simply adopts the jurisdiction formerly available on administrative appeal. NJ Stat Ann 2A:3A-3, 54:2-33 (1982 Supp).

The Revised Model State Tax Court Act was fashioned after the Oregon statute,[14] and was adopted by the American Bar Association in 1972.[15] Sections 1 and 11 of the Revised Model Act use language resembling ORS 305.405 and 305.410, including the provision for a tax court in the judicial branch with exclusive jurisdiction over all questions "arising under" the tax laws.[16] However, the

---

[12] Philipps, *Virginia Tax Procedures: Unfinished Business*, 38 Wash & Lee L Rev 1115, 1130 n. 93 (1981); Roberts, *An Introduction to the Oregon Tax Court*, 9 Will L J 193, 199-203 (1973).

[13]

"The jurisdiction of the tax appeal court is limited to the amount of valuation or taxes... in dispute as shown on the one hand by the amount claimed by the taxpayer or county and on the other hand by the amount of the assessment." Hawaii Rev Stat § 232-13 (1976). "The appeal shall bring up for determination all questions of fact and all questions of law, including constitutional questions involved in the appeal." *Id.* § 232-17, and *see § 232-16* and *In re Valley of Temples Corp.*, 56 Hawaii 229, 533 P2d 1218, 1219-20 (1975).

[14] Revised Model State Tax Court Act, explanation and commentary, in 24 Tax L 945 (1971) and in 97 Rpts Amer Bar Assoc 486 (1972).

[15] Proceedings of the 1972 Midyear Meeting of the House of Delegates, 97 Rpts Amer Bar Assoc 144 (1972).

[16]

"Section 1. As part of the judicial branch of state government, there is created a court of justice to be known as the (name of state) Tax Court. The tax court, in cases within its jurisdiction pursuant to section 11 of this Act:

"(1) Is a court of record and of general jurisdiction, not limited, special or inferior jurisdiction;

"(2) Has the same powers as a (general trial) court; and

"(3) Has and may exercise all ordinary and extraordinary legal, equitable and provisional remedies available in the (general trial) courts, as well as such additional remedies as may be assigned to it.

"....

commentary to the Act makes clear that it is not the purpose of the model to define the scope of jurisdiction, a matter left to each state.

Since 1965, Minnesota has had a tax court within the executive branch.[17] As in the Model Act, *supra* note 10, although the tax court remedy is described as exclusive, appeal is permitted to district court, and its jurisdiction is concurrent with civil courts.[18] In 1977, Minnesota adopted a jurisdictional statute whose language resembles ORS 305.410(1) and section 11 of the Revised Model Act, including the extension of jurisdiction to all questions "arising under" the tax laws of the state. The Minnesota statute makes express what is implicit in ours, that a case is outside the jurisdiction of the tax court if it does not arise under the tax laws of the state. That statute provides an exhaustive list of tax laws where our statutes expressly list only certain inclusions and exclusions.[19]

---

"Section 11. (1) Subject only to the provisions of sections 20 and 21 of this Act relating to judicial review by the Supeme Court (or intermediate appellate court, as the case may be), the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state. For purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state:

"(Any laws regulating the payment of taxes or assessments over which it is not intended the state tax court shall have jurisdiction, i.e., Workman's Compensation Laws, Racing Taxes, Commodities Assessments, etc.)

"(2) Except as permitted under (constitution of the state), no person shall contest, in any action, suit or proceeding in the (general trial) court or any other court, any matter within the jurisdiction of the tax court."

Revised Model State Tax Court Act, *supra* n. 14.

[17] Minn Stat Ann 271.01 (1983 Supp); Roberts, *supra* n. 12, 9 Will L J at 202.

[18] Minn Stat Ann 271.09 Subd 1 (1983 Supp); *Wulff v. Tax Ct. of App.*, 288 NW2d 221 (Minn 1979). Under this jurisdictional statute, the Minnesota Tax Court has the power to decide constitutional issues when a case is transferred from district court, *In the Matter of McCannel*, 301 NW2d 910, 920 (Minn 1980), but not when the case originates in tax court, *Guilliams v. Comm. Rev.*, 299 NW2d 138, 139 n. 1 (Minn 1980).

[19] Minn Stat Ann 271.01 Subd 5 (1983 Supp):

"Except for an appeal ... the tax court shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state, as defined in this subdivision, in those cases that have been appealed to the tax court and in any case that has been transferred by the district court to the tax court. The tax court shall have no jurisdiction in any case that does not arise under the tax laws of the state.... The tax court shall have no

In summary, although the judicial structure and jurisdictional language of Oregon's Tax Court have been copied, the features critical to this case remain unique, so the law of other courts cannot help us.

■ Our cases set two boundaries. On the one hand, questions which must be resolved in order to decide tax-ability or the amount of tax do arise under the tax laws.[20] On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences. *See* note 6, *supra.*

## IV. THIS PLAINTIFF'S CLAIMS

Plaintiff's first four causes of action allege unlawful removal of forest land designation, while the last four allege torts. Since within its jurisdiction the tax court has power to decide "all questions of law," ORS 305.410(1), we need not analyze the eight causes separately. But the distinction between actions for relief from a tax status and actions for relief from wrongdoing of tax assessors does determine the nature of plaintiff's claim and which actions are within the tax court's jurisdiction.

■ If this were a pure tort action, then jurisdiction would evidently lie in circuit court, not in tax court.[21] A tort is not a tax matter simply because the tortfeasors are

---

jurisdiction in any case involving an order of the state board of equaliza-tion unless a taxpayer contests the valuation of his property. Only the taxes, aids and related matters contained in Minnesota Statutes, [31 numbered] Chapters... shall be considered tax laws of this state subject to the jurisdiction of the tax court...."

[20] *See Corporation of the Presiding Bishop v. Dept. of Rev.,* 276 Or 775, 556 P2d 685 (1976) (religious exemption; jurisdiction not contested). *See also Est. of Anderson v. Dept. of Rev.,* 6 OTR 339, 340-41 (1976) (rights to property of deceased, insofar as that affects inheritance taxes).

[21] Because "[a]ll proceedings before the [tax] court... shall be tried without a jury...," ORS 305.425(1), claims such as torts where there is a right to jury trial are not normally within the jurisdiction of the tax court.

Since in allocating tax court jurisdiction we try to avoid "split jurisdiction," *Jarvill, supra* text at n. 4, 289 Or at 167, a tort claim which arose out of the same facts as a tax claim might conceivably be adjudicated together with the tax claim. But we do not decide whether tax and non-tax claims could be tried together, because here the facts giving rise to the tax claim and those giving rise to the tort claim are distinct.

tax assessors. Plaintiff's tax claims are unaffected by whether the assessors committed any torts. Even if defendants maliciously harassed plaintiff, the assessment may be correct.

The tax issue is whether plaintiff's land was used in a fashion that qualifies it for the status of "forest land." The regulations, *supra* note 3, define that status in terms of the objective uses of the land, either adequate tree stocking or reasonable efforts to restock. Eligibility for the tax status depends on the actual or planned use of the land for growing marketable trees, not on misdeeds of officials. Tortious misconduct of the assessors, however heinous, does not qualify plaintiff's land for that tax status. The only alleged acts of misconduct relevant to plaintiff's tax status are the omission to state reasons for the assessor's removal of tax status, ORS 321.820(1)(b), and various other procedural defects including lack of notice of the impending disqualification, lack of predetermination hearing, and misrepresentation and surprise at the Department hearing. None of these procedural irregularities give rise to any claim for relief cognizable in an action *ex delicto*.

Plaintiff's tort claims are outside the jurisdiction of the tax court, and many of the factual allegations are relevant only to those claims and not to the tax claims. Further analysis of whether plaintiff's non-tort claims arise under the tax laws requires examining separately the nature of relief sought with respect to each claim presented by the facts alleged.[22]

■ The ninth prayer, for costs and fees, requires no separate discussion, since it is contingent on other relief. The first and eighth prayers, for a special prosecutor and for damages, relate to the tort claims and hence are barred.

---

[22] To determine the nature of the relief sought, we examine the separately numbered portions of the prayer of the complaint. It is to be noted that we do not examine the prayer for the purpose of determining, in each instance, whether the complaint states ultimate facts sufficient to constitute a claim, ORCP 21 A.(8); rather we turn to the separate portions of the prayer only to determine the subject matter of each claim. *Compare,* our resort to the prayer in cases arising under ORS chapter 28 to determine whether the cause sounds in law or in equity for the purpose of resolving whether a trial may be with or without a jury or the scope of appellate review. *See, e.g., Northwestern Pac. Indem. v. Canutt,* 280 Or 375, 381, 570 P2d 1182 (1977); *Webb v. Clatsop Cty. School Dist. 3,* 188 Or 324, 337, 215 P2d 368 (1950).

The second through seventh prayers relate to the tax claims.

■ Plaintiff's seventh prayer, for refund of excess taxes, is within the express jurisdiction of the tax court. ORS 305.440(2), 311.806(2). The sixth prayer, for reinstatement of forest land status, is also expressly within the tax court's jurisdiction. ORS 321.820(2).[23] The fifth prayer, for a declaration that plaintiff's forest practices were adequate, seeks to establish the factual predicate for forest land status and is therefore within the tax court's jurisdiction. The third prayer seeks to establish defendants' legal responsibility for determining the adequacy of plaintiff's forest practices, which again arises under the tax court's jurisdiction to decide forest land status. ORS 305.275(1)(c). The second prayer seeks to establish that plaintiff was inadequately represented by counsel at his Department hearing, and while the allegations suggest that this was plaintiff's own fault, it is a matter which the tax court might consider in reviewing the Department's opinion and order and therefore is within its jurisdiction.

The fourth prayer seeks to apply to plaintiff the provisions of ORS 321.367(4), which empower the state forester to certify that the owner has corrected deficiencies in the management plan, in order to requalify land for forest land status.[24] On its face that statute applies only to western Oregon. ORS 321.257(2), (9). However, eastern Oregon applicants must state whether they are implementing a forest management plan, ORS 321.815(2)(d), (e), and the regulations take standard forestry practice as the benchmark, OAR 150-321.805(4). Arguably this imports

---

[23] ORS 321.820(2):

"[A] taxpayer whose forest land has had the designation thereof removed in whole or in part, may appeal to the Department of Revenue within the time and in the manner provided in ORS chapter 305. Orders of the department shall be subject to appeal as provided in ORS chapter 305."

[24] ORS 321.367(4):

"When the owner of forest land declared ineligible for forest land taxation under this section provides satisfactory information to the State Forester of subsequent action taken to correct the deficiency resulting in the disqualification of his land, or provides an acceptable management plan to correct such deficiency, the State Forester shall so indicate to the county assessor. The assessor shall then assess the land under ORS 321.352, if the land is otherwise qualified for such assessment."

to eastern Oregon the procedures of ORS 321.367(4), but we need not decide the merits of the claim. It is within the tax court's jurisdiction, although it may fail to state a claim for relief.

■ ■ The parties have argued over whether there is original jurisdiction in the tax court, but once the tort claims are omitted this complaint becomes wholly an appeal from the order of the Department. Therefore, the Department was a necessary defendant. ORS 305.560(1), (2). Naming the Department as defendant is a requirement unrelated to whether the mistaxation resulted from errors by the Department or by others. Since plaintiff prayed for a declaration of the county defendants' obligations as tax assessors, they were proper parties in their official capacity. ORCP 28 A, 29 A. As required by ORS 305.560(1), the complaint attached a copy of the Department's order. Apart from failure to name the Department as defendant, the complaint satisfies the pleading requirements of ORS 305.560(2).

■ The Department was sent the complaint, and one of its attorneys was special assistant to the county counsel. In contrast to *Wright v. Hazen Investments, Inc.,* 293 Or 259, 266, 648 P2d 360 (1982), the trial has not yet proceeded beyond the opening salvo. Since some proper defendants are retained, joining the Department would not be total substitution of parties.[25] Under these circumstances the Department is wholly unprejudiced and thus may be joined on terms that are "just," ORCP 30, quoted *supra* note 1.[26]

---

[25] Federal courts are divided on whether FRCP 21 contemplates retention of an original party and does not authorize substitution of a sole plaintiff or defendant, but Moore endorses a liberal interpretation of the rule on amendments which achieves the equivalent of substitution. 3A Moore's Fed Prac, par. 21.04[1] 21-26 to 21-27 (2nd Ed 1978).

[26]

"Ordinarily, dismissal should not be ordered for failure to join an indispensable party, but an opportunity should be afforded to bring in such party."

*Warner v. First Nat'l Bk. of Minneapolis,* 236 F2d 853, 858 (8th Cir 1956). An indispensable party should be joined if joinder would not embarrass or prejudice existing parties, would not affect the course of litigation, and would avoid multiplicity of suits. *Mullaney v. Anderson,* 342 US 415, 417, 72 S Ct 428, 96 L Ed 458 (1952); 3A Moore's Fed Prac, par. 21.04[1] (2nd Ed 1978). When the lawyer for an unjoined indispensable party represented a defendant in the action at bar, the likelihood of substantial prejudice from joinder is small. *Moore v. Knowles,* 482 F2d 1069, 1075 (5th Cir 1973).

Defendants argue that the complaint was not brought within the 60-day limit of ORS 305.560(1). But since that time "is a period of limitations and is not jurisdictional," ORS 305.425(2), the timeliness of the complaint can be disputed before the tax court. Plaintiff contends that a second amended complaint naming the Department could relate back to the date of the original complaint, because the Department received actual notice of the amended complaint before us, ORCP 23 A., but that question does not yet arise. If (as defendants contend) service on the Department was defective, the Department can raise that defense by motion before the tax court.

■ In summary, we hold that a claim is not one "arising under the tax laws" unless it has some bearing on tax liability. Therefore, plaintiff's tort claims against tax assessors are not within the subject-matter jurisdiction of the tax court. The claims regarding plaintiff's qualification for forest-land tax status do "arise under" the tax laws and are within the tax court's jurisdiction. The cause is reversed and remanded with leave to further amend the complaint in accordance with this opinion.