IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BRIAN METKE, )
)
       Plaintiff, ) TC-MD 160218R
)
    v. )
)
JEFFERSON COUNTY ASSESSOR, )
)
       Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's Motion to Dismiss on the ground that Plaintiff failed to appeal within the 30 days required by ORS 305.280(4). Plaintiff filed a response. The matter is now ready for decision.

A review of Plaintiff's materials shows the Jefferson County Board of Property Appeals Order of Dismissal was mailed to Plaintiff on March 9, 2016. Plaintiff's Complaint was filed on May 9, 2016. That interval is longer than the 30 days required by ORS 305.280(4), which provides:

> " * * * [A]n appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the date of * * * mailing of the notice of the order * * *."

Plaintiff acknowledges that he missed the deadline. Under certain circumstances the court can allow a complaint to continue even though it does not meet the requirements of ORS 305.280.[2] ORS 305.288(3) provides that "the tax court may order a change * * * to the assessment *** if * * * the assessor or taxpayer has no statutory right of appeal remaining and

/ / /

---

[1] The court entered its Decision of Dismissal in this matter on August 18, 2016. Plaintiff filed a request for reconsideration on September 2, 2016. The court's analysis and determination of Plaintiff's request for reconsideration is contained in this Final Decision of Dismissal, which otherwise incorporates its Decision of Dismissal without change. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

ORS 305.288(5)(b) defines "[g]ood and sufficient cause" as:

"(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Plaintiff explains in his response to Defendant's motion that he appealed late because he erroneously used a calendar from Jefferson County, Colorado, instead of Jefferson County, Oregon. Plaintiff's explanation represents inadvertence and/or reliance on misleading information he obtained on the internet. His mistaken belief that he was following the correct appeals deadline was not an extraordinary circumstance.

On September 2, 2016, Plaintiff filed a letter with the court requesting reconsideration of the Decision of Dismissal. The Magistrate Division has a rule governing requests for reconsideration. Tax Court Rule-Magistrate Division 18 C states:

"Following issuance of decision, final decision, or judgment, the court will not accept motions for reconsideration or to reopen the record; therefore, the provisions of TCR 80 are inapplicable in the Magistrate Division."

The court finds the request must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed. Plaintiff's appeal is dismissed.[3]

/ / /

/ / /

---

[3] The court also notes that Plaintiff's Complaint seeks an increase to the real market value of the subject property. As pled, Plaintiff would not be aggrieved and the court would not have jurisdiction pursuant to ORS 305.275(1)(a)(B). Additionally, allegations that Defendant violated his "Due Process" rights by taking property, and a resulting neighbor dispute are not within the jurisdiction of the Tax Court. ORS 305.410; *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983).

IT IS FURTHER DECIDED that Plaintiff's request for reconsideration of the Decision of Dismissal is denied.

Dated this ____ day of September 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on September 7, 2016.*