IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JERUSALEM FARMER,              )

                                 )

             Plaintiff,        )     TC-MD 210242R

                                 )

      v.                    )

                                 )

DEPARTMENT OF REVENUE,   )

State of Oregon,            )    **ORDER GRANTING DEFENDANT'S**

                                 )    **MOTION FOR SUMMARY**

            Defendant.     )    **JUDGMENT**

This matter is before the court on Defendant's Motion for Summary Judgment, filed June 28, 2021, requesting that the Complaint be dismissed. Plaintiff filed her response on July 12, 2021. Neither party requested and oral argument.

## I. STATEMENT OF FACTS

This case concerns the effect of Plaintiff's Stipulated General Judgment of Dissolution of Marriage (custody agreement) on how many children Plaintiff can claim as dependents on her tax return and the calculation of Plaintiff's Working Family Household and Dependent Care (WFHDC) credit. The facts of this case are not in dispute.

As part of the terms of their recent divorce, Plaintiff and her ex-spouse (Father) share custody of their children, who are eight and three years old. (Compl at 3.) Each parent has custody of the children for half of the week, including half the time the children require childcare. (*Id*.) Each parent is "responsible for their own childcare costs." (Def's Ex A at 10.) Under the terms of the custody agreement, Plaintiff "shall claim [eldest child] as a dependent" and Father "shall claim [youngest child] as a dependent for tax purposes." (*Id.* at 9.)

When Plaintiff filed her 2020 tax return as head of a household, she initially put her eight-year-old as a dependent. However, following the directions of her tax return software,

Plaintiff claimed her three-year-old as a dependent as well. (Compl at 3.) Her WFHDC credit was calculated as $2,400, based on qualifying expenses of $6,000 and a decimal value of 0.4. (*Id*. at 5.)

Defendant selected Plaintiff for an audit of Plaintiff's Schedule WFHDC and directed her to provide documentation of the childcare expenses she claimed. (Am Answer at 1.) After the audit, Defendant adjusted Plaintiff's WFHDC credit to $1,200, calculated using a decimal value of 0.4, or 40 percent, of the qualifying expenses of $3,000. (Compl at 2.) Plaintiff timely requested a conference to appeal the proposed adjustments. (*Id*. at 3.) From her conversation with Defendant's tax technician, Plaintiff believed that Defendant would adjust the WFHDC credit back to $2,400 based on a decimal value of 0.4 and qualifying expenses of $6,000. (*Id*.) However, when Plaintiff received the second adjustment letter, the credit was reduced to $360. (*Id*. at 4.) This credit amount was calculated using a decimal value of 0.06, or six percent, of the qualifying expenses of $6,000. (Am Answer at 1.) Plaintiff requested another conference. (Compl at 4.) Plaintiff was dissatisfied with the results of that conference and appealed to this court. (*Id*. at 5.) Defendant then filed this Motion for Summary Judgment (motion).

## II. ISSUES

1. Can Plaintiff claim all of her children on her tax return when the custody agreement specifies she may only claim one as a dependent for tax purposes?

2. Does this court have authority to grant Plaintiff's request for compensation or to order Defendant to provide additional training for its employees?

## III. ANALYSIS

Defendant's Motion for Summary Judgment must be granted if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as

to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47. Defendant does not dispute any facts alleged by Plaintiff.

1.      *WFHDC Credit Amount*

ORS 315.264[1] provides a refundable credit to qualified low and middle-income families for employment-related expenses, including childcare expenses. ORS 315.264(1)(a). The amount of the credit is the product of the cost of care and a statutorily determined decimal value. ORS 315.264(1)(a). The decimal value is determined from a table in ORS 315.264(2), which factors the age of the youngest qualifying individual and the taxpayer's income as a percentage of the federal poverty level. ORS 315.264. The federal poverty level income threshold varies based size of the household, so household size is also an inherent factor addressed by the table in ORS 315.264(2). (*See Poverty Thresholds*, United States Census Bureau, https://www.census.gov/data/tables/time-series/demo/income-poverty/historical-poverty-thresholds.html.)

The WFHDC tax credit can be claimed for care expenses for qualifying individuals. ORS 315.264(1)(a). ORS 315.264(1)(a) refers to section 21 of the Internal Revenue Code (IRC) to, in pertinent part, define "qualifying individual" as "a dependent of the taxpayer who has not attained age 13." ORS 315.264(1)(a); IRC § 21. IRC section 21(b)(1)(A) further refers to IRC section 152(e) which in turn defines dependents of divorced parents. IRC § 21(b)(1)(A). IRS section 152(e) provides that a child of divorced parents is a qualifying individual if that child receives over one half of their support from a parent and if they are in the custody of that parent for more than one half of the year. IRC § 152(e). For purposes of ORS 315.264, state and federal law define "qualifying individual" identically.

_____

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

Defendant argues that there is no need for the court to determine which, if either, of Plaintiff's children are qualifying individuals because Plaintiff's custody agreement permits Plaintiff to claim only the eldest child as a dependent. (Def's Mot Summ J at 2.) The custody agreement reads, in relevant part, "[Father] shall claim [youngest child] as a dependent for tax purposes, and [Plaintiff] shall claim [eldest child] as a dependent for tax purposes. Parties shall sign off any necessary documentation in order to allow the other parent to claim said child for tax purposes." (Def's Ex A at 9.) Defendant admits that, if Father released the younger child, Plaintiff could claim the younger child as a dependent under IRC § 152(e)(2).[2] (Def's Mot Summ J at 2.) Father did not release the younger child, however. (*Id.*) Pursuant to the terms of the custody agreement, Plaintiff's household size is two for purposes of IRC § 152.

Plaintiff's Form OR-PS, the care provider statement completed by Plaintiff's childcare provider, incorrectly states that Plaintiff paid $3,000 for each of her children for a total of $6,000 for the year. (Def's Ex B at 2.) The court looks beyond the error in the form and sees the substance of the actual amount paid for her 8-year old dependent child, which according to the custody agreement was 100 percent of her own childcare costs, or $6,000. That view matches the terms of the custody agreement - Plaintiff is entitled to claim expense for one child as a qualifying individual. (Def's Ex A at 9.) Changing the number of qualified children in Plaintiff's household from what she used on her tax return significantly impacts the WFHDC credit for which Plaintiff qualifies. First, the size of Plaintiff's household is reduced to two, rather than three. With a household size of three, Plaintiff's income would be between 210 and 220 percent of the federal poverty line. However, with a household size of two, Plaintiff's

---

[2] To release the younger child, Father would need to complete IRS Form 8332. The custody agreement alone does not satisfy the requirements of IRC § 152(e)(2)(A).

income falls between 260 and 280 percent of the federal poverty line. The consequences of this change are dramatic: the maximum decimal value within the 260-280 percent bracket is 0.06, while the minimum of the 210-220 percent bracket is 0.2.

Second, the age of the youngest member of the household affects the taxpayer's decimal value. When Plaintiff initially filed her tax returns, she claimed her three-year-old as a dependent. However, because Plaintiff cannot claim her youngest child as a dependent, the decimal for which she qualifies lowered from 0.4 to 0.04—a reduction of 90 percent.

Plaintiff argues that Oregon tax laws are unfair because the requirements for the tax credit disfavors separated or divorced parents with equal custody of their children. (Ptf's Resp at 3.) The decimal value for which Plaintiff qualifies is dramatically lower than it would be had she been able to claim her other child, while her expenses remain the same. Unfortunately for Plaintiff that is the scheme as proscribed by Congress and the Oregon Legislature. Neither Defendant nor the court can simply change the percentages, as Plaintiff suggests, because of the perceived unfairness in the statute's design. This court can only apply the law to the facts of the case. Under the terms of her custody agreement, Plaintiff is only entitled to claim her eight-year-old child as a dependent, so her household size is two. Plaintiff's income for the 2020 tax year was between 260 and 280 percent of the federal poverty line for a household of two. The table in ORS 315.264 provides that Plaintiff qualifies for a decimal value of 0.04. Thus, the credit Plaintiff is entitled to is four percent of the $6,000 expenses for childcare for her qualifying child.

The court has the authority to determine the amount of tax deficiency, "even if the amount so determined is greater or less than the amount of the assessment determined by [Defendant]." ORS 305.575. In this case Defendant asks the court to sustain the $360 WFHDC

credit found in the notice of assessment. Since, Plaintiff is not entitled to the amount of the credit she is seeking as a matter of law, the court will sustain the credit in Defendant's notice.

2.      *Plaintiff's Other Requested Relief*

Plaintiff seeks alternate relief, including compensation for repeatedly receiving misinformation from Defendant and for the alleged carelessness with which Defendant's representatives treated Plaintiff. (Compl at 5.) Plaintiff also requests a thorough review of Defendant's policies regarding the WFHDC credit, specifically in how taxpayers can request information and when taxpayers can claim dependents. (*Id*. at 6.) Plaintiff requests that Defendant provide additional training for employees to avoid future errors. (*Id*.) Plaintiff requests that this court review Defendant's appeals process and allow all taxpayers seeking the WFHDC credit to receive tax credits for the full amount of qualifying expenses. (*Id*.)

This court is a court of general powers but limited jurisdiction, with power to adjudicate only claims "arising under the tax laws of this state." *Christensen v. Dept of Rev*, TC-MD 150447C, WL 4134018 at *2 (Or Tax M Div, Aug 2, 2016); ORS 305.410(1). "[A] claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Sanok v. Grimes*, 294 Or 684, 701, 663 P2d 693, 703 (1983). The court understands Plaintiff's concerns regarding the inaccurate information she received, but this court lacks the authority to compel Defendant to review internal department processes or provide additional training because review of department processes does not "aris[e] under the tax laws of this state."

Plaintiff also requests that costs and disbursements be awarded to her. (Compl at 6.) The court has discretion to grant costs and disbursements in some situations. TCR-MD 16. However, because Plaintiff did not prevail in her appeal, the court declines to award Plaintiff costs and disbursements. *Id*.

## IV. CONCLUSION

After careful consideration, the court finds that Plaintiff can only claim a household size of two for the 2020 tax year based on her divorce decree. Her qualified expenses of $6,000 should be multiplied by the decimal value 0.04 for her WFHDC credit. Accordingly, Defendant's Motion for Summary Judgment is granted. Now, therefore,

IT IS ORDERED that Defendant's motion is granted. Plaintiff is not entitled to the WFHDC credit or other relief she sought in this appeal.

IT IS FURTHER ORDERED that Plaintiff's WFHDC credit for the 2020 tax year is $360.

---

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Magistrate Richard D. Davis and entered on September 2, 2021.*