IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MICHAEL J. EARLY, JR.,               )
                                     )
            Plaintiff,               )    TC-MD 240651G
                                     )
      v.                             )
                                     )
JACKSON COUNTY ASSESSOR,             )
                                     )
            Defendant.               )    **DECISION**

Plaintiff appealed the disqualification of his homesite from farm use special assessment for not meeting the nonexclusive farm use (non-EFU) zone minimum income requirements. The homesite is located on property identified as Account 10116396 (subject property), and the tax year at issue is 2024-25. The matter is ready for decision on the parties' cross-motions for summary judgment.

## I. STATEMENT OF FACTS

Plaintiff's briefing relates many details concerning the subject property's historical agricultural use, the process by which the area came to be surveyed, mapped, and zoned, and his interactions with taxing authorities. (Compl, Attachment at 1-14; Ptf's First Prehearing Br at 1-9; Ptf's Response & Cross-Mot Summ J at 1-46.) For purposes of deciding these motions, the key facts are as follows.

The subject property straddles the border between two zones. (Compl, Attachment at 11.) Much of it is zoned exclusive farm use (EFU), but the portion nearest the road is rural residential, a non-EFU zone. (Compl, Attachment at 11; Def's Mot Summ J, Ex A at 1.) Plaintiff's homesite is located within the non-EFU zoned portion. (Def's Mot Summ J, Ex A at 1-2.)

Defendant received Plaintiff's annual Application for Farm-use Assessment of Land Under Farm-use Dwellings and Wasteland on April 1, 2024. (Def's Mot Summ J, Ex C at 1.) That application requires a report of total farm income and total federal adjusted gross income for the last year. (*Id*.) Plaintiff reported a positive federal adjusted gross income and a negative farm income—a loss—on that application. (*Id*.) The amounts reported on the application differ from the amounts reported on the 2023 Schedule F and Form 1040 filed by Plaintiff and his wife. (*Id*., Ex C at 1, 4-5.)

Plaintiff and his wife reported a negative adjusted gross income on their Form 1040, and the Schedule F showed a bigger net farm loss than the farm-use application. (Def's Mot Summ J, Ex C at 4-5.) Plaintiff excluded insurance proceeds from a drought disaster from his gross farm income, but even if those proceeds were included the net after expenses would be a loss. *Id*.; Compl, Attachment at 12.) The joint Form 1040 showed W-2 and pension income exceeding Plaintiff's gross farm income (even if insurance proceeds are included). (*Id*., Ex C at 4-5.)

Defendant sent Plaintiff an amended notice of his homesite's disqualification from special assessment on August 22, 2024, due to its "not meet[ing] minimum income requirements" for homesites in non-EFU zones. (Compl at 19.) This appeal followed.

Plaintiff asks the court to order his homesite zoned EFU and reinstated in special assessment. Defendant asks that its disqualification be upheld.

## II. ANALYSIS

The issue in this case is whether Plaintiff's homesite is entitled to special assessment for the 2024-25 tax year. Plaintiff's primary argument is a challenge to his land's zoning that implicates this court's subject-matter jurisdiction. Plaintiff also disputes whether his farm met

the minimum income requirements in one of a series of motions appended to his response brief.[1] The court addresses the income requirement issue first.

A.      *Minimum Income Requirement*

Farm homesites are eligible for special assessment under circumstances that depend on whether or not the homesite is located on EFU zoned land.  ORS 308A.253(2),(3).[2]  Homesites need only be used in conjunction with farm use to qualify for special assessment if they are located on EFU zoned land.  ORS 308A.253(2).  Non-EFU homesites must meet an additional requirement to qualify: their farmland must be "operated as a part of a farm unit that produced more than one-half of the adjusted gross income of the owner or owners" in the prior year.  ORS 308A.253(3).

Plaintiff argues that Defendant erred in determining he failed to meet the minimum income requirement of ORS 308A.253(3) because the gross farm income reported on his Schedule F exceeded the adjusted gross income reported on his joint Form 1040.  He charges Defendant with misreading the statutory requirement to produce income as a requirement to "produce profit."  (Ptf's Response & Cross-Mot Summ J at 42.)  Effectively, Plaintiff's argument is that the income that a farm unit must produce to qualify a homesite is gross income, rather than net income.[3]

---

[1] The other motions include: to join the Department of Revenue because of its role in mapping; to compel responses from taxing authorities to an interrogatory concerning the mapping process; to sanction Defendant for its "[f]ailure to remap properly"; and to compel a "resurvey."  (Ptf's Response & Cross-Mot Summ J at 43-47.)  Plaintiff's motions are derivative of his zoning claim and fail for the same reason.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

[3] The court notes that the phrase "farm income" is used equivocally in federal tax forms.  On Schedule F, "farm expenses" are subtracted from "farm income" to compute "net farm profit (or loss)."  Individuals then transfer the amount of their "net farm profit (or loss) to Schedule 1, where it is called "farm income (or loss)."  The "farm income (or loss) from Schedule 1 goes into the individual's "additional income," which is included in adjusted gross income on Form 1040.

However, the text of ORS 308A.253(3) does not require that the farm unit produce the majority of the owner's gross income, but rather "adjusted gross income." In this, the income requirement for non-EFU homesites differs from that for non-EFU farmland. *See* ORS 308A.071(2)(a) (requiring production of "gross income" in specified amounts). While the property tax statutes do not define "adjusted gross income," Oregon's personal income tax statutes require that "the taxpayer's federal adjusted gross income shall be as determined under the provisions of the Internal Revenue Code." ORS 316.013. The Internal Revenue Code (IRC), in turn, defines "adjusted gross income" as gross income minus certain deductions, including trade or business deductions. IRC § 62(a).

Thus, income that contributes to a homesite's qualification for special assessment is income net of trade or business deductions. *See* IRC § 62(a)(1). For a farm to "produce[]" adjusted gross income for its owner, its income must exceed its expenses. *See* ORS 308A.253(3). A farming business with expenses greater than its income would actually reduce its owner's adjusted gross income rather than contribute to it. That is exactly what is reflected on Plaintiff's joint Form 1040, where farming expenses canceled out all of his and his wife's W-2 and pension income.

Because Plaintiff reported a net farming loss, his farm necessarily did not produce more than half of his adjusted gross income. That goes whether or not the drought insurance proceeds are counted as gross farm income in 2023. His farm does not meet the minimum income requirement for special assessment on non-EFU land. *See* ORS 308A.253(3).

B.     *Zoning and Jurisdiction*

Plaintiff devotes many pages of briefing to arguing that errors in surveying, mapping, and zoning led to his homesite being placed in a non-EFU zone, whereas in his view it should be

zoned EFU because it has been used for farming since pioneer days. He seeks a court order changing the homesite's zoning to EFU and thereby releasing it from the minimum income requirements for special assessment. That requested remedy raises an issue as to this court's subject-matter jurisdiction.

This court has jurisdiction to hear and determine "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). Those include questions that "must be resolved in order to decide taxability or the amount of tax." *Sanok v. Grimes,* 294 Or 684, 697, 662 P2d 693 (1983). However, such a "precondition to taxation" does not fall within this court's jurisdiction "if jurisdiction to decide that precondition has been affirmatively located in another court." *Id.*; *see also Hefflinger v. Dept. of Rev.*, __ OTR __, 2025 WL 2886054 at *2 (Or Tax Oct 9, 2025) (slip op) (analyzing "*Sanok* framework" for determining jurisdiction).

Here, the subject property's zoning potentially affects Plaintiff's tax burden because an EFU zone would remove the minimum income requirement that caused the homesite's disqualification from special assessment. *See* ORS 308A.253(2). Nevertheless, this court lacks jurisdiction to change the subject property's zoning if the legislature has affirmatively located jurisdiction in another court. *See Sanok*, 294 Or at 697.

In fact, the legislature has done just that with respect to zone changes. After applying for a zone change and seeking review of any adverse action by a hearings officer at the local level, landowners may appeal to the Land Use Board of Appeals (LUBA). ORS 227.180(2); ORS 215.422(2). LUBA is a statewide body under the Governor with "exclusive jurisdiction to review any land use decision or limited land use decision of a local government, special district or a state agency * * *." ORS 197.825; ORS 197.810. The final orders of LUBA, in turn, are

appealable to the Court of Appeals, upon which the legislature has expressly conferred jurisdiction. ORS 197.850(3)(a).

By affirmatively locating judicial review of zoning decisions in the Court of Appeals, the legislature has removed it from this court's jurisdiction. *See Sanok*, 294 Or at 697; s*ee also Broken Trail LLC v. Deschutes County Assessor*, TC-MD 240418N, 2024 WL 4100302 at *2 (Or Tax M Div, Sep 6, 2024) (holding tax court lacks jurisdiction to change zoning). The court lacks authority to decide Plaintiff's zoning claim.

### III.  CONCLUSION

This court lacks jurisdiction to change the subject property's non-EFU zoning, and the minimum income requirements of ORS 308A.253(3) apply. The documents on file show that Plaintiff did not meet those requirements. There is no genuine issue of material fact, and Defendant is entitled to prevail as a matter of law. *See* TCR 47 C; TCR-MD 13 B.[4] Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment be granted and Plaintiff's cross-motion be denied.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

///

///

---

[4] Tax Court Rules (TCR); Tax Court Rules – Magistrate Division (TCR-MD)

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on March 16, 2026.*