IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

PRIMITIVO T. RUIZ and SIRIA B. RUIZ,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　)　　TC-MD 111204N
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　)
State of Oregon,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　)　　**DECISION OF DISMISSAL**

Plaintiffs' filed their Complaint on November 14, 2011, challenging Defendant's

Distraint Warrants and Writs of Execution for tax years 1974 through 1976 and 1978 through

1987.[1]  (Ptfs' Compl at 1-3, 8-12.)  Plaintiffs request "[f]ull release of all Distraint Warrants and

State Tax Liabilities and Damages for Pain and Suffering."  (Ptfs' Compl at 1.)  On

December 20, 2011, Defendant filed its Answer, requesting dismissal of Plaintiffs' appeal.  In

response, Plaintiffs filed a Motion for Summary Judgment on March 12, 2012.  The parties filed

additional responses and replies.

A.　　*Factual background and contentions of the parties*

Plaintiffs state that they "filed all State and Federal Tax Returns for the period involved,

1974-1988."  (Ptfs' Compl at 2.)  Defendant agrees that "Plaintiff[s] filed tax returns for the

years in question and self assessed tax due."  (Def's Ans at 1.)  Defendant states that it "has not

set up any deficiencies or assessment for these years[,]" and requests dismissal of Plaintiffs'

appeal because "there is nothing for [Plaintiffs] to appeal for the years in question."  (*Id.* at 1.)

Defendant cites OAR 150-314.430(2), stating that "[n]o statute of limitations runs on a tax self-

_____

[1] In their Complaint, Plaintiffs state that they appeal "tax years 1974 Through 1988;" however, the relevant Distraint Warrants reveal the years at issue to be 1974-76 and 1978-87.  (Ptfs' Compl at 1, 8-12.)

assessed or additionally assessed by the Department in the time allowed by ORS 314.410 and collectible by warrant." (*Id.* at 1.)

Plaintiffs respond, identifying five "causes" for summary judgment in their favor. (Ptfs' Mot for Summ J; Ptfs' Notice of Errors to Resp at 2.) First, Plaintiffs seek damages for pain and suffering based on their allegation that a revenue agent, "Terri M.," made an "unannounced surprise[] visit" to Plaintiffs in March 2010, during which she "made threats to Plaintiffs after handing them Distraint Warrants to taking their home away if not paid." (Ptfs' Mot for Summ J at 1-2.) Second, Plaintiffs argue that "[t]he rule of 'Laches' applies in this case as it is confirmed that [] Defendant did not act to contact [] Plaintiffs for some four and one half years before rudely and abruptly showing up in March, 2010 at Plaintiff[s'] home." (*Id.* at 2.) Third, Plaintiffs argue that estoppel applies here because "[i]t is clear from [] Defendant's web site relative to how long to keep records and the statement made 'until the Statute of Limitations (SOL) expires for that return.' " (*Id.*) Fourth, Plaintiffs argue that the penalties and interest imposed by Defendant "violate[] the Eighth and Fourteenth Amendment[s] to the U.S. Constitution." (*Id.* at 3.) Fifth, Plaintiffs request "compensatory damages of all collections made under levies and garnishments and received by Defendant plus interest from time payments were received to the date of compensation." (Ptfs' Notice of Errors to Resp at 2.)

B.    *Analysis*

Plaintiffs appeal from distraint warrants for tax years 1974 through 1976 and 1978 through 1987, issued by Defendant pursuant to ORS 314.430.[2] Defendant reported that it did "not set up any deficiencies or assessment" for those tax years. (Def's Ans at 1.) Plaintiffs' Oregon income taxes were "considered as 'assessed' on the due date of the return * * * or the

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2009.

date the return is filed, whichever is later." ORS 314.407(1). Thus, as Defendant correctly states, "[t]here is nothing for [Plaintiffs] to appeal" with respect to Plaintiffs' tax liability for the years at issue. (Def's Ans at 1.) Plaintiffs' arguments based on estoppel and laches have no applicability in this case.

Plaintiffs also argue for relief based on tort liability and the Eighth Amendment to the United States Constitution. As noted by Defendant, there is a question of this court's jurisdiction with respect to Plaintiffs' tort claim. (*See* Def's Resp to Ptfs' Notice of Errors at 1.) The tax court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The Court held that tort claims do not arise under the tax laws of this state and are not within the jurisdiction of the tax court: "A tort is not a tax matter simply because the tortfeasors are tax assessors. Plaintiff's tax claims are unaffected by whether the assessors committed any torts. Even if defendants maliciously harassed plaintiff, the assessment may be correct." *Sanok v. Grimes*, 294 Or 684, 697-98, 662 P2d 693 (1983). Plaintiffs' claims of abuse and harassment by Defendant's revenue agent are not within the jurisdiction of the court.

Plaintiffs argue that penalties and interest imposed by Defendant violate the Eighth Amendment to the United States Constitution. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (US Const, Amend VIII.) "The purpose of the Eighth Amendment * * * was to limit the government's power to punish. The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment. The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.' " *Austin v. U.S.* (*Austin*), 509 US 602, 609-610, 113 S Ct 2801 (1993) (internal citations omitted; emphasis in original). The [Supreme Court in *Austin*] held that "the Excessive Fines Clause of the Eighth

Amendment [is] not limited to criminal actions." *Little v. Comm'r* (*Little*), 106 F3d 1445, 1454 (9th Cir 1997) (citing *Austin*, 509 US at 610). In *Little*, the Ninth Circuit determined that penalties for "substantial understatement of tax [did] not violate the excessive fines clause of the Eighth Amendment." (*Id.*) The court found that the penalties and other additions to tax were "purely revenue raising because they serve only to deter noncompliance with the tax laws by imposing a financial risk on those who fail to do so." *Id.*[3] Thus, Defendant's imposition of penalties and interest do not constitute an "excessive fine" under the Eighth Amendment.

Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule 47 C. Plaintiffs' tort claims are outside the jurisdiction of this court under ORS 305.410(1). The penalties and interest imposed by Defendant are not in violation of the Eighth Amendment. Plaintiffs' Motion for Summary Judgment is denied. Defendant did "not set up any deficiencies or assessment" for the tax years at issue and "there is nothing for [Plaintiffs] to appeal * * *." (Def's Ans at 1.) Thus, Defendant's motion to dismiss must be granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] *See also Helvering v. Mitchell,* 303 US 391, 401, 58 S Ct 630, 634 (1938), in which the Court stated: "The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard of the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the Taxpayer's fraud."

IT IS DECIDED that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's motion to dismiss is granted.

Dated this ____ day of June 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 29, 2012. The Court filed and entered this document on June 29, 2012.*