IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOHN SHEPHERD,                          )
                                        )
            Plaintiff,                  )      TC-MD 140333N
                                        )
      v.                                )
                                        )
DESCHUTES COUNTY ASSESSOR,              )
                                        )
            Defendant.                  )      **FINAL DECISION OF DISMISSAL**

On November 14, 2014, Plaintiff filed a letter with the court stating that he "would like to

appeal the Magistrate decision to dismiss" and providing several reasons that Plaintiff disagrees

with the court's Decision of Dismissal. Plaintiff concluded his letter, stating, "[p]lease allow this

case to proceed to trial so the merits of the case can be argued. Please rule on the important

questions being raised." (Ptf's Ltr at 1, Nov 14, 2014.) As of the date of this Final Decision of

Dismissal, Defendant has not filed a response to Plaintiff's letter. This Final Decision of

Dismissal has been modified to respond to Plaintiff's letter, but is otherwise unchanged. The

court did not receive a request for an award of costs and disbursements within 14 days after its

Decision of Dismissal was entered. *See* Tax Court Rule-Magistrate Division (TCR-MD) 19.

It is unclear from Plaintiff's letter if he seeks to appeal the Decision of Dismissal or

requests that the court reconsider the Decision of Dismissal. TCR-MD 17 B states in part that,

"[f]ollowing issuance of a written decision or final decision, the court will not accept motions for

reconsideration or to reopen the record[.]" To the extent Plaintiff seeks reconsideration, that

request must be denied. TCR-MD 18 A states, in part, that "[f]inal decisions of magistrates may

be appealed to the Regular Division of the Tax Court. ORS 305.501(5)." TCR-MD 18 B(1)

states, "[t]he appealing party shall, within 60 days after the date of entry of the magistrate's final

decision, file a complaint in the Regular Division. The complaint shall specifically identify the case number of the Magistrate Division final decision. *See* TCR 1 B(1)." To the extent Plaintiff seeks to appeal the Decision of Dismissal, Plaintiff must comply with applicable court rules and procedures.

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed September 12, 2014. A case management conference was held on October 7, 2014, during which the parties discussed Defendant's Motion and agreed to file additional written arguments. Plaintiff's response to Defendant's Motion was filed October 10, 2014. Defendant's Reply was filed October 20, 2014. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff filed his Complaint on August 4, 2014, challenging Defendant's notice disqualifying 212.95 acres of property identified as 160620 (subject property) from farm use special assessment for the 2014-15 tax year. (Ptf's Compl at 2.) The notice stated that the subject property had been disqualified because "[c]urrently farmland is lying idle or is no longer in a qualifying use and has been disqualified from the following program: Exclusive Farm Use, ORS 308A.113(1)(a)." (*Id.*) Plaintiff explained his requested relief as follows: "I therefore ask that their decision disqualifying my wasteland be reversed and that [be] I compensated for unspecified damages and expenses incurred as a result of that disqualification." (*Id.* at 4.)

Defendant moved to dismiss Plaintiff's Complaint because "Plaintiff lacks standing to appeal." (Def's Mot at 1.) Defendant acknowledged that it disqualified the subject property from farm use special assessment on May 23, 2014. (*Id.* at 1-2.) However, Defendant wrote that, on July 9, 2014, "Plaintiff sent [Defendant] an email entitled 'proof of agricultural activity,' informing [Defendant] of Plaintiff's efforts to engage in agricultural use of the [subject

property]." (*Id.* at 2.) Defendant wrote that, based on the information provided by Plaintiff, Defendant "agreed to continue Plaintiff's property in farm use tax deferral for the 2014-15 tax year subject to audit in 2015." (*Id.* at 2-3.) On July 14, 2014, Defendant "sent Plaintiff written notice of the [subject property's] continued enrollment in the exclusive farm use tax deferral program." (*Id.* at 3; *see also id.*, Def's Ex F (email to Plaintiff).)

Plaintiff responded to Defendant's Motion, asserting that he is aggrieved because "[p]rior to the 2014 disqualification * * * [the subject property] had in 2013 enjoyed 'wasteland' status and therefore was exempt from both taxation and the requirement to work the land." (Ptf's Ltr at 1, Oct 10, 2014.) Plaintiff wrote that Defendant's

> "disqualification has caused me 'injury' in that I have been forced to and will continue to be required to spend considerable money to acquire irrigation water rights, to repair and maintain fences, to install irrigation and to purchase and maintain livestock. These costs and injuries would not have occurred if [Defendant] had not disqualified 213 acres of rocky land that had previously enjoyed 'wasteland' status."

(*Id.*) Plaintiff further explained: "I am not appealing the disqualification of my farm deferral. In my initial appeal, I clearly stated my request: 'I therefore ask that [Defendant's] decision disqualifying my wasteland be reversed…'[.]" (*Id.* at 2 (emphasis omitted).) Plaintiff asked "that the Court consider whether the written definition of 'wasteland' should apply" to the subject property. (*Id.*)

Defendant replied that it "has never designated any portion of Plaintiff's property as 'wasteland,' and has never granted any portion of the property farm use tax deferral based upon a 'wasteland' designation." (Def's Reply at 1; *see also* Def's Reply, Ex A.) Defendant agreed that Plaintiff had the right to appeal to this court upon receipt of Defendant's May 23, 2014, notice disqualifying the subject property from farm use special assessment. (*Id.* at 2.) Defendant stated, however,

"Plaintiff did not appeal the disqualification. Instead, he provided [Defendant] with evidence that the [subject] property was being used for agricultural purposes, and requested that [Defendant] reconsider [its] decision on this basis. Based on the evidence provided by Plaintiff [Defendant] reversed the disqualification, and the property was continued in farm use tax deferral due to its use for agricultural purposes – the same grounds upon which the property had received farm tax deferral in past years."

(*Id.*) Defendant asserted that, "[g]iven that Plaintiff's property has not been disqualified from farm use tax deferral, Plaintiff has no right to appeal under ORS 308A.718(4)." (*Id.*)

## II. ANALYSIS

The issue presented in Defendant's Motion is whether Plaintiff is aggrieved for the 2014-15 tax year under ORS 305.275(1)(a).[1] In order to appeal to this court under ORS 305.275(1)(a), a "person must be aggrieved by and affected by an act, omission, order or determination of: * * * (C) [a] county assessor or other county official, including but not limited to * * * the denial of special assessment under a special assessment statute * * *[.]" In this case, Plaintiff asserted that he is aggrieved by Defendant's removal of the subject property from wasteland designation. Defendant responded that the subject property was never designated wasteland; rather, the subject property was previously qualified in the farm use special assessment program and continues to be so qualified for the 2014-15 tax year.

A review of the applicable farm use special assessment statutes provides useful context in this case. Under Oregon law, certain agricultural property may receive special assessment upon compliance with the statutory requirements. ORS 308A.050 sets forth the legislature's intent:

"The Legislative Assembly recognizes that agriculture and related land uses contribute significantly to Oregon's character and economy. The Legislative Assembly finds that providing the means for agriculture to continue and prosper is in the interest of all citizens of this state, who benefit directly or indirectly from agricultural production and stewardship of farmlands and ranchlands. * * * Therefore, it is the declared intent of the Legislative Assembly that bona fide farm

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2013 edition.

properties be assessed for ad valorem property tax purposes at a value that is exclusive of values attributable to urban influences or speculative purposes."

The parties in this case agree that the subject property is within an exclusive farm use zone. Under ORS 308A.062(1), "[a]ny land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128, unless disqualified under other provisions of law." ORS 308A.056 defines "farm use" for purposes of that statute. "Wasteland" is included in the list of uses that qualify as "farm use" for purposes of special assessment. ORS 308A.056(3)(e).[2] Thus, wasteland is one of many uses that qualify a property in the exclusive farm use zone for farm use special assessment.

Plaintiff in this case appealed from Defendant's notice disqualifying the subject property from farm use special assessment for the 2014-15 tax year. The notice stated that the subject property was disqualified from farm use special assessment because it was "lying idle or no longer in a qualifying use." The notice made no reference to "wasteland designation" and Plaintiff provided no evidence that the subject property was previously designated wasteland. Defendant's notice disqualifying the subject property from farm use special assessment for the

---

[2] The applicable administrative rule, OAR 150-308A.056(2)(f), further states "[w]asteland includes but is not limited to swamps, rock outcroppings, gullies, unusable overflow lands, and drainage ways."

"(A) Wasteland does not include tillable lands left idle or uncultivated and non-tillable grazing lands left unused when the accepted farming practice is to utilize the land.

"(B) Wasteland does include land described in paragraph (1)(f)(A), if the owner can show that it is uneconomical to utilize the land as part of the farm unit. Utilizing the land is uneconomical if the cost to raise crops or animals exceeds the value of the crops or animals. Examples in which it would not be economical to utilize the land include:

"(i) An unfenced area of grazing land where the annualized cost of fencing would exceed the income derived from the land.

"(ii) An area of a farm that was only profitable through irrigation that is now unused because the cost of electricity to operate the irrigation pumps increases expenses beyond the income that can be derived from that area of land.

"(C) Wasteland caused by the taxpayer, owner, or person in control of the property is not entitled to special farm use assessment. Examples of taxpayer-created wasteland include 'mined out' land where gravel, soil, or other minerals have been extracted, and mine tailing refuse areas."

2014-15 tax year was the only appealable determination presented in this case. Defendant wrote that, based on evidence of farm use presented by Plaintiff, Defendant reinstated the subject property in the farm use special assessment program on July 9, 2014. Thus, Defendant cancelled its notice disqualifying the subject property from farm use special assessment and Plaintiff is not aggrieved by any act, omission, order or determination of Defendant for the 2014-15 tax year.

Plaintiff expressed concern that he will be obligated to "spend considerable money to acquire irrigation water rights, to repair and maintain fences, to install irrigation and to purchase and maintain livestock." In essence, Plaintiff questions whether it is economical to utilize the subject property as part of the farm unit. *See* OAR 150-308A.056(2)(f)(B). To the extent Plaintiff wishes to pursue wasteland designation of part or all of the subject property, that claim pertains to the 2015-16 tax year, which is not before the court. There is no issue for the court to decide for the 2014-15 tax year because Defendant reinstated the subject property in the farm use special assessment program for that tax year.

To the extent that Plaintiff seeks to assert other claims against Defendant, those claims are outside the jurisdiction of this court. *See* ORS 305.410(1) ("the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state"); *see also Sanok v. Grimes*, 294 Or 684, 697-98, 662 P2d 693 (1983) (explaining the jurisdiction of the tax court and concluding that torts are not within the jurisdiction of the court "simply because the tortfeasors are tax assessors").

### III. CONCLUSION

Plaintiff appealed from Defendant's notice disqualifying the subject property from farm use special assessment for the 2014-15 tax year. Based on evidence of farm use presented by Plaintiff, Defendant reinstated the subject property in the farm use special assessment program

for the 2014-15 tax year. Thus, Defendant cancelled its notice disqualifying the subject property from farm use special assessment. Plaintiff presented no evidence that the subject property was previously designated wasteland and that Defendant removed the wasteland designation. To the extent Plaintiff wishes to pursue wasteland designation of part or all of the subject property, that claim pertains to the 2015-16 tax year which is not before the court. The court concludes that Plaintiff is not aggrieved by any act, omission, order or determination of Defendant for the 2014-15 tax year. As a result, Plaintiff's appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ___ day of November 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this final decision of dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the final decision of dismissal or this final decision of dismissal cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on November 24, 2014. The Court filed and entered this document on November 24, 2014.*