IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JUAN M. MEDINA and BEATRIZ MARTINEZ GONZALEZ, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 140416N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **FINAL DECISION** |

This Final Decision incorporates without change the court's Decision, entered

February 27, 2015. The court did not receive a statement of costs and disbursements within 14

days after its Decision was entered. See TCR-MD 16 C(1).

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated September 30,

2014, for the 2011 tax year. Trial was held in the courtroom of the Oregon Tax Court on

January 26, 2015, in Salem, Oregon. Plaintiff Juan M. Medina (Medina) appeared and testified

on behalf of Plaintiffs. Michael Lucas (Lucas), Tax Auditor, appeared and testified on behalf of

Defendant. Plaintiffs' Exhibit 1 was received without objection. No exhibits were received from

Defendant.

## I. STATEMENT OF FACTS

Medina worked as a "long haul truck driver in 2011" and his "territory was California

and Colorado." (Ptfs' Compl at 2.) Medina wrote that his employer, Littau Harvester, "did not

reimburse [him] for any of [his] meals or other expenses." (*Id.*) He provided a letter from his

employer stating that it "does not provide per diem pay for lodging, meals or any other expenses

/ / /

for our employees outside of those that go to reimburse money paid by employee as required by or in assisting of the work equipment maintaining functionality." (*Id.* at 3.)

Medina testified that he was "working like crazy" for his employer in 2011 and provided a "past employee timecard report" (report) from his employer for the period of January 1, 2011, to December 31, 2011. (Ptfs' Ex 1.) The report lists the dates, time periods, and total hours that Medina worked in 2011. For example, the report states Medina worked on Saturday, January 15, 2011, from 12:00 a.m. to 2:00 p.m., a total of 14 hours. (*Id.* at 1.) No other information, such as the location of work, is provided on the report. The report states that Medina worked a total of 3,509 hours in 2011. (*Id.* at 12.) That total includes 24 hours of "VACTON" time, 55 hours of "SICK" time, and 25.5 hours of "HOLDAY" time. (*See generally* Ptfs' Ex 1.) Excluding the hours identified as "VACTON," "SICK," and "HOLDAY," Medina's employer's report indicates that he worked 3404.5 hours in 2011. (*See id.*)

Medina testified that he worked more hours in 2011 than those reported by his employer. He wrote that he worked 3,756 hours in 2011 based on his pay rate of $15 per hour and his total pay for the 2011 tax year, $56,469.[1] (*See* Ptfs' Compl at 2.) Medina wrote that he "only took off 20 days for the whole year" of 2011. (*Id.*) He testified that the dispatcher did not give him time off as required by law, but would instead assign him to work in "the yard" during required rest periods. Medina testified that, by law, he was not allowed to drive more than 11 hours per day or 70 hours per week without a 24 hour rest period. Medina testified that, in 2012, he complained to the Department of Transportation about his employer's failure to provide requisite rest periods. He testified that he was subsequently fired by his employer.

---

[1] Medina reasoned that $56,469 "divided by the [$]15 per hour that [he] was making in 2011 translates to 3765 hours." (Ptfs' Compl at 2.) He noted that "[a] normal work week of 40 hours and taking no vacation or sick days would be 2080 hours (40*52=2080)[.]" (*Id.*)

Medina testified that, when he prepared his 2011 income tax returns, he used the per diem rates provided for the specific locations to which he traveled to determine his 2011 unreimbursed employee business expense deduction. He wrote that, at some point after 2011, he "became very sick, and [threw] away all [of his] documents that would back up where [he] was on any particular day. [He] no longer work[s] for the same company" and is "on Disability now for [his] illness." (Ptfs' Compl at 2.) Medina testified that he did not retain the records that he used to prepare his 2011 income tax returns.

Lucas testified that IRC section 274 provides strict substantiation requirements for travel expenses, including meals and lodging. He testified that, under that provision and the Treasury Regulations, it is necessary to know the time and place of travel. Lucas testified that, although the *Cohan* rule (see below) allows an estimation of expenses based on some records, that rule is inapplicable for travel expenses and other expenses that must be substantiated under IRC section 274. He testified that it is impossible to determine Medina's per diem expenses without some records.

At the conclusion of trial, Medina asked about the availability of a payment plan to pay the deficiency. Lucas responded that a different division of the Department of Revenue handles payment plans and agreed to provide Medina with a telephone number to contact that division.

## II. ANALYSIS

The issue before the court is whether Plaintiffs are allowed a deduction for unreimbursed employee business expenses for the 2011 tax year.

/ / /

/ / /

/ / /

A.     *Oregon Tax Court's Jurisdiction*

The Oregon Tax Court has jurisdiction over "all questions of law and fact arising under the tax laws of this state."[2]  ORS 305.410(1).  In *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983), the Oregon Supreme Court explained,

> "Our cases set two boundaries.  On the one hand, questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws.  On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences."

(Citations omitted.)  Some of Medina's testimony pertains to issues outside of this court's jurisdiction.  Medina testified that, in 2011, his employer did not provide rest periods required by law and that his employer did not accurately report his hours worked.  Those claims do not arise under the tax laws of this state and this court lacks jurisdiction to consider them.

B.     *Unreimbursed Employee Business Expenses*

"The Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law."  *Ellison v. Dept. of Rev.*, TC-MD 041142D, WL 2414746 *6 (Sept 23, 2005), citing ORS 316.007.  "Further, the view of the Commissioner of Internal Revenue as to the legal analysis is dispositive."  *Porter v. Dept. of Rev.*, 20 OTR 30, 31 (2009), citing ORS 314.011(3).

As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence.  ORS 305.427.  A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).  "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2009.

to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). In an income tax appeal, this court has statutory authority "to determine the correct amount of [the] deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" To be "ordinary," "the transaction which gives rise to [the expense] must be of common or frequent occurrence in the type of business involved." *Deputy v. DuPont*, 308 US 488, 495, 60 S Ct 363, 84 L Ed 416 (1940), citing *Welch v. Helvering* (*Welch*), 290 US 111, 114, 54 S Ct 8, 78 L Ed 212 (1933). A "necessary" expense is one that is "appropriate and helpful" to the taxpayer's business. *See Welch*, 290 US at 113. Allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992) (citations omitted).

"Numerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so." *Orvis v. Comm'r* (*Orvis*), 788 F2d 1406, 1408 (9th Cir 1986) (citations omitted). Medina provided a letter from his former employer stating that employees were not reimbursed for lodging or meals. He has, therefore, established by a preponderance of the evidence that he was not entitled to reimbursement from his employer for lodging and meals in 2011. The next question is whether Medina's expenses are substantiated.

"Taxpayers are required to maintain records sufficient to substantiate their claimed deductions." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 332038 at *2 (2001). Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it fully, the

court is permitted to make an approximation of an allowable amount. *Cohan v. Comm'r* (*Cohan*), 39 F2d 540, 543-44 (2nd Cir 1930). The estimate must have a reasonable evidentiary basis. *Vanicek v. Comm'r*, 85 TC 731, 743 (1985). IRC section 274(d) supersedes the *Cohan* rule and imposes more stringent substantiation requirements for travel, meals, entertainment, gifts, and listed property under IRC section 280F(d)(4)(A)(i). Treas Reg § 1.274-5T(a). Under IRC section 274(d), a taxpayer must substantiate a claimed expense with adequate records or sufficient evidence corroborating the taxpayer's statement establishing the amount, time, place, and business purpose of the expense. Treas Reg § 1.274-5T(b). "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure or use specified in paragraph (b) of this section." Treas Reg § 1.274-5T(c)(2)(i).

Medina provided no evidence from which the court can determine the amount that he spent on business meals and lodging in 2011. It is unclear whether Medina initially retained receipts or a log book for business meals and lodging in 2011. In any event, he threw away all of the records that he had from that year. Medina provided a report of the hours that he worked in 2011. However, the report does not identify the location of work. As a result, it is not possible to determine from Medina's report when he was traveling as opposed to working in the yard, or to identify any locations to which he traveled. It is clear from Medina's testimony and evidence that he worked a considerable number of hours in 2011 and that he was not reimbursed by his employer for travel expenses. Unfortunately, Medina provided no evidence to substantiate any of his unreimbursed business travel expenses.

/ / /

### III. CONCLUSION

After careful consideration, the court finds that Plaintiffs failed to substantiate any of Medina's unreimbursed employee business expenses for the 2011 tax year. As a result, Plaintiffs' appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of March 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer on March 17, 2015. The court filed and entered this document on March 17, 2015.*