IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CHARLES CHRISTENSEN,         )
                                          )
        Plaintiff,              )    TC-MD 150447C
                                          )
        v.                    )
                                          )
DEPARTMENT OF REVENUE,     )
State of Oregon,                )
                                          )
        Defendant.        )    **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's Answer and Motion to Dismiss

(Motion), filed December 1, 2015, based on lack of subject-matter jurisdiction.  Plaintiff appeals

Defendant's Payment Agreement dated September 2, 2015.  Plaintiff filed his Response to

Defendant's Answer and Motion to Dismiss (Response) on December 14, 2015.  On January 8,

2016, Defendant filed its Reply to Plaintiffs' Response to Defendant's Motion (Reply).  On

January 25, 2016, Plaintiff filed a Supplement to his Response (Supplement).  On February 1,

2016, Defendant filed a Response to Plaintiff's Supplement.  (Response to Supplement).

A telephonic oral argument was held on January 19, 2016, at 9:30 a.m.  Dominic Vincent

Paris, Attorney, represented Plaintiff.  James C. Strong, Assistant Attorney General, represented

Defendant.

## I.  STATEMENT OF FACTS

Plaintiff filed his Complaint on October 9, 2015, alleging that Defendant's Payment

Agreement is in violation of the Taxpayer Bill of Rights.  (Ptf's Compl at 1.) Defendant's

December 1, 2015, Motion asserted that this court lacked subject-matter jurisdiction to hear the

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered July 14, 2016.  The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

case, that Plaintiff is not aggrieved as required by ORS 305.275, and that Plaintiff failed to state a claim upon which this court can grant relief. (Def's Mot at 1-2.) In his December 14, 2015, Response, Plaintiff argued that he has stated a claim upon which this court can grant relief, that he has standing under ORS 305.275, and that this court has subject-matter jurisdiction to consider his appeal under ORS 305.410(1). (Ptf's Resp at 1-6.)

Defendant mailed a Payment Agreement to Plaintiff dated September 2, 2015. (Ptf's Compl at 4-5.) The Payment Agreement listed Plaintiff's tax liability in the amount of $11,120.70. (Ptf's Compl at 4.) The Payment Agreement listed Plaintiff's one-year payment schedule of $450.00 per month, which Plaintiff was required to pay on the last day of each month beginning on September 30, 2015, and ending August 31, 2016. (Ptf's Compl at 4.) The Payment Agreement states that "[the Department of Revenue] may review [the] agreement on 8/31/16 for a possible increase. [The Department] may ask [the taxpayer] to provide a new financial statement that [the Department] may use to re-evaluate [the] agreement." (Ptf's Compl at 4-5.)

## II.  ANALYSIS

The issues before the court are: (1) whether the court has subject-matter jurisdiction under ORS 305.410,[2] to consider Plaintiff's appeal; (2) if the court has subject-matter jurisdiction to consider Plaintiff's appeal, whether Plaintiff has standing under ORS 305.275 for the appeal; and (3) whether Plaintiff has stated a claim upon which this court can grant relief.

In all proceedings before a magistrate of the tax court "a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. A "[p]reponderance of the evidence means the greater

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013, unless otherwise noted.

weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). Because this matter is presently before the court on Defendant's Motion, Defendant bears the burden of proof.

A.    *The Court's Jurisdiction Under ORS 305.410*

ORS 305.410 sets forth the jurisdiction of the tax court. ORS 305.410 provides in relevant part:

> "[s]ubject only to the provisions of ORS 305.445 relating to judicial review by the Supreme Court and to subsection (2) of this section, the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state."[3]

The Oregon Tax Court is a court of general powers but limited jurisdiction and only has the power to adjudicate matters within its subject-matter jurisdiction. "If it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court will dismiss the action." Tax Court Rule 21 G(4).

The Oregon Supreme Court has addressed this court's subject-matter jurisdiction under ORS 305.410(1) in *Sanok v. Grimes,* 294 Or 684, 662 P2d 693 (1983) (Sanok). The plaintiff in *Sanok* alleged personal tort claims against the assessor but also sought reinstatement of forest land designation. *Id*. at 697. In dismissing the tort claims for lack of jurisdiction, but holding that the Tax Court did have subject-matter jurisdiction regarding plaintiff's qualifications for forest land tax status, the Court held that "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id*. at 701. There, the Court explained the contours of this court's jurisdiction under ORS 305.410(1) as follows:

---

[3] "For the purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state: * * * (d) ORS chapters 731, 732, 733, 734, 737, 742, 743, 743A, 744, 746, 748 and 750 relating to insurance company fees and taxes. * * * (m) ORS 311.420, 311.425, 311.455, 311.650, 311.655 and ORS chapter 312 relating to foreclosure of real and personal property tax liens[.]"

> "Our cases set two boundaries. On the one hand, questions which must be resolved in order to decide *taxability or the amount of tax* do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on a precondition has substantial non-tax consequences."

*Id*. at 697 (emphasis added).

B.      *Plaintiff's Arguments*

Plaintiff argues that this court has subject-matter jurisdiction because previously decided cases that held collection activities of the Department of Revenue are not appealable to the Tax Court were "wrongly decided or can be distinguished, as they fail to acknowledge both the taxpayer's right to enter into an installment agreement under ORS 305.890 and the requirement that the Director [of the Department of Revenue] properly delegate[d] his authority to administer that statute." (Ptf's Resp at 6.) Plaintiff notes parenthetically that ORS 305.890 grants a taxpayer the "right to enter into agreement to satisfy liability in installment payments." (*Id*. at 1.) Plaintiff does not set forth language of that statute, the relevant subsection reading:

> "(1) A taxpayer shall have the right to enter into a written agreement with the Department of Revenue to satisfy liability for payment of any tax in installment payments *if the Director of the Department of Revenue determines that the agreement will facilitate collection of such liability*."

ORS 305.890 (emphasis added).

Plaintiff argues that the court in *Tyler v. Department of Revenue (Tyler)*, TC-MD 040850E, WL 2360583 (Oct 4, 2004), improperly applied the Oregon Supreme Court's ruling in *Sanok*. (Ptf's Resp at 7.) In *Tyler*, the court dismissed the plaintiff's appeal requesting that the court direct the Department of Revenue to "adjust his payment schedule," concluding that under ORS 314.410(1) and *Sanok*, "Plaintiff's claim that Defendant should modify his payment plan is not a claim that arises under the tax laws of this state because it has no bearing on his underlying

tax liability." *Tyler*, WL 2360583 at *1. In granting the defendant's motion to dismiss, the court in *Tyler* determined that it lacked jurisdiction to hear the plaintiff's appeal because "his claims relate only to payment of [plaintiff's undisputed tax] liabilities." (*Id.*) Here, Plaintiff asserts that "*Tyler*'s application of *Sanok* to collection actions governed by tax statutes is overbroad and fails to acknowledge the taxpayer's right to an installment agreement." (Ptf's Resp at 7.) Plaintiff argues that "[t]he *Sanok* case did not involve collection matters, and the court expressed no intention to exclude collection matters from the jurisdiction of the Tax Court or to otherwise narrow the definition of 'tax laws.'" (*Id.*)

Additionally, Plaintiff argues that the court in *Mohtadi v. Department of Revenue (Mohtadi)*, TC-MD 130543C, WL 840063 (Mar 4, 2014), erred in concluding that the Tax Court lacked subject-matter jurisdiction. (Ptf's Resp at 8.) In *Mohtadi*, the court dismissed the plaintiff's appeal requesting that the court direct the Department of Revenue to enter into a payment agreement with the plaintiff to resolve his tax liability in full. The court in *Mohtadi*, held that:

> "[t]he tax court's jurisdiction extends to 'all questions of law and fact arising under the tax laws of this state.' ORS 305.410(1). Issues regarding the collection of taxes are not within the purview of the court's jurisdiction under ORS 305.410. The state legislature has delegated to the Department of Revenue authority to 'see that * * * all taxes are collected[.]' ORS 305.120(1). The court is not aware of any authority granted it by the legislature to oversee income tax collection matters or grant a taxpayer's request for a payment plan. Such matters are solely within the discretion of the Department of Revenue."

*Mohtadi*, WL 840063 at *1. Plaintiff argues that the court in *Mohtadi* erred because "the Department [of Revenue]'s power to collect taxes is subject to certain limitations." (Ptf's Resp at 8.) Plaintiff asserts "ORS 305.120 is an administrative statute delegating general duties to an executive branch; it does not authorize the Department to violate taxpayer rights and it has no

bearing on jurisdiction." (*Id.*) Plaintiff acknowledges that this court recently affirmed the decision in *Mohtadi*, (*See Landers v. Marion County Assessor*, TC-MD 150391C, WL 7271958 (2015)), but argues that the Regular Division of the Tax Court has yet to consider the issue. (Ptf's Resp at 8.)

C.      *Defendant's Arguments*

In response, Defendant argues that this court does not have jurisdiction to hear Plaintiff's appeal because its subject-matter jurisdiction does not extend to collection matters. (Def's Reply at 2.) Defendant first notes that this court's jurisdiction is set forth in ORS 305.410(1), which provides that it "shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state." (*Id.*) Defendant then notes parenthetically the holding of the Oregon Supreme Court in *Martin v. City of Tigard*, 335 Or 444, 459, 72 P3d 619 (2003), which was that "if the question before the Tax Court is not a challenge to, or one arising under, the tax laws of Oregon, it is not within the subject matter jurisdiction of the Tax Court." (*Id.*)

Defendant asserts that collection matters do not arise under the tax laws of this state because Plaintiff's claims do not have any bearing on tax liability as previously decided in *Sanok*. (*Id.*) Defendant argues that this court correctly decided *Tyler*, relying on *Sanok*, by dismissing the plaintiff's request that the court direct the Department of Revenue to renegotiate his payment agreement because "his 'claims have no bearing on his tax liability; instead, his claims relate only to payment of those liabilities.' " (*Id.*) (citing *Tyler*, 2004 WL 2360583 at *1.) Defendant rejects Plaintiff's attempt to distinguish *Tyler* from *Sanok*, noting that the Oregon Supreme Court in *Sanok* established the boundaries of the Tax Court's jurisdiction, which are

/ / /

limited to "questions which must be resolved in order to decide taxability or the amount of tax * * *."  (Def's Reply at 2-3.)

Defendant asserts that, like the plaintiff's request in *Tyler*, Plaintiff's claims for relief in this case "[do] not require this court to decide whether he is liable for taxes, and if so, in what amount."  (*Id*. at 3.)  Rather, Plaintiff's claims "relate only to payment of those liabilities."  (*Id*.)  Furthermore, Defendant argues that in *Landers* this court held that "appeals related solely to tax collections with no issue involving the underlying assessment are not within the court's subject-matter jurisdiction."[4]  (*Id*., citing *Landers*, 2015 WL 7271958 at *1.)  Defendant asserts that Plaintiff has not raised any request for relief in his complaint where the underlying tax liabilities are at issue, thus, his complaint should be dismissed for lack of subject-matter jurisdiction.  (*Id*. at 4.)

D.      *Whether Plaintiff's Appeal Relates to Taxability or Amount of Tax*

Plaintiff relied primarily on *Tyler* and *Mohtadi* to support his argument that the court has subject-matter jurisdiction to hear his appeal.  Although *Tyler* and *Mohtadi* have some factual similarities, neither case supports Plaintiff's claim.  Plaintiff argues that this court incorrectly decided both *Tyler* and *Mohtadi* by applying too broadly the Court's ruling in *Sanok*.  Plaintiff is correct that *Sanok* did not involve collection matters and the court did not expressly state their intention to exclude collection matters from the jurisdiction of the Tax Court; however, the court also did not expressly state its intention to include collection matters in the jurisdiction of the Tax Court.  In both *Tyler* and *Mohtadi*, the taxpayers were not appealing their tax assessment; rather, the taxpayers were appealing the Department of Revenue's collection practices after

---

[4] The court in *Landers* reaffirmed the ruling in *Mohtadi* that, because the plaintiff's appeal pertains solely to whether she could make monthly installment payments as opposed to the payment in full, the court lacked subject-matter jurisdiction to hear the plaintiff's appeal.

questions of tax liability and the amount of the taxpayer's tax were decided. Here, Plaintiff is not challenging the underlying tax assessment, only the uncontested collection of that liability. As stated earlier, challenges to collection proceedings are not within the jurisdiction of this court. Plaintiff is seeking relief from this court to direct the Department of Revenue to redetermine Plaintiff's payment agreement. Such relief would not affect Plaintiff's underlying tax liability. Further, Plaintiff is not challenging the amount of debt owed, rather, he is objecting to the amount of his monthly payments. Plaintiff is objecting to how the liability is collected, and not whether the liability is owed or the amount that is owed.

The Magistrate Division has previously held that appeals related solely to tax collections with no issue involving the underlying assessment are not within the court's subject-matter jurisdiction. *See Perkins v. Department of Revenue*, TC-MD 150331C at 5 (Jan 15, 2016) (holding that the court did not have subject-matter jurisdiction to adjudicate plaintiff's appeal alleging that defendant instituted collection proceedings against him in violation of ORS 321.600, because plaintiff unequivocally states that he is not challenging the underlying assessment; rather, he is asserting a defense to collection.).

The court concludes that under ORS 305.410(1) and *Sanok,* Plaintiff's claim does not arise under Oregon's tax laws because his challenge to Defendant's collection proceedings does not directly pertain to "taxability or the amount of tax." *Sanok*, 294 Or at 697. The court is not aware of any authority granted to it by the legislature to oversee income tax collection matters or grant a taxpayer's request for a payment agreement. Such matters are solely within the discretion of the Department of Revenue. ORS 305.890 provides how agreements to satisfy tax liabilities in installment payments are made. ORS 305.890 states that:

/ / /

> "A taxpayer shall have the right to enter into a written agreement with the Department of Revenue to satisfy liability for payment of any tax in installment payments *if* the Director of the Department of Revenue determines that the agreement will facilitate collection of such liability."[5]

(Emphasis added).

Under the statute, a taxpayer's "right" to "enter into a written agreement with the Department of Revenue" is subject to, and limited by, the Director's authority to "determine[] [whether] the agreement will facilitate collection of [the] liability." ORS 305.890. Use of the word "if" in the statute confers upon the Director discretion to make that determination. This court concludes it does not have subject-matter jurisdiction under ORS 305.410(1) to adjudicate Plaintiff's appeal because Plaintiff is not challenging the underlying assessment.

E.    *Standing under ORS 305.275*

Because the court finds in favor of Defendant on the jurisdictional issue, it need not address Defendant's standing argument.

F.    *Failure to State a Claim upon which Relief can be Granted*

Because the court finds in favor of Defendant on the jurisdictional issue, it need not address Defendant's failure to state a claim argument.

## III. CONCLUSION

The court concludes that it lacks subject-matter jurisdiction to adjudicate Plaintiff's appeal because Plaintiff is not challenging the underlying assessment, but, rather, he is asserting a defense to collection of his tax liability. Appeals relating solely to collection proceedings do not involve "questions of law or fact arising under the tax laws of this state, a prerequisite to

---

[5] ORS 305.890 provides the Department of Revenue with discretion. "* * * The director may terminate any agreement entered into by the director under this section[.] * * * If the director makes a determination that the financial condition of the taxpayer with whom the director has entered into an agreement under this section has significantly changed, the director may alter, modify or terminate the agreement. Action may be taken by the director under this subsection[.]"

jurisdiction under ORS 305.410(1), because they do not relate to 'taxability or the amount of tax' " as required under *Sanok* and explained above. As such, appeals relating solely to collection proceedings cannot be adjudicated by this court. Because the court finds in favor of Defendant on the jurisdictional issue, it does not need to address Defendant's standing or failure to state a claim argument. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiff's appeal is dismissed.

Dated this ____ day of August 2016.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on August 2, 2016.*