IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CHRISTOPHER JOHN BECK, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180198N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, REYNOLDS AMERICAN | ) | |
| INCORPORATED, NATURAL | ) | |
| AMERICAN SPIRIT, and SANTA FE | ) | |
| NATURAL TOBACCO COMPANY, | ) | |
| | ) | |
| Defendants. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on Plaintiff's motion for default judgment against

Defendants Reynolds American Incorporated, Natural American Spirit, and Santa Fe Natural

Tobacco Company (collectively, "the tobacco company defendants"), filed August 1, 2018. The

tobacco company defendants filed an Opposition to Plaintiff's Motion for Default Judgment on

August 6, 2018. In their Opposition, the tobacco company defendants request that the court deny

Plaintiff's motion for default and dismiss Plaintiff's second amended complaint due to lack of

subject matter jurisdiction. Oral argument was held on September 10, 2018, by telephone. This

matter is now ready for the court's determination.

A.      *Procedural History*

Plaintiff filed his original Complaint on April 29, 2018. The captioned identified the

court as "Washington County Civil" and named "State of Oregon – IRS" and "Natural American

Spirit" as defendants. On April 30, 2018, Plaintiff filed an amended complaint, captioned to

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered September 19, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

reflect a filing in Washington County Circuit Court and naming the same defendants. The court sent Plaintiff an information request form on May 3, 2018, requesting Plaintiff file an amended complaint using the court's form and provide a copy of the tax notice or other document appealed. In response, Plaintiff filed his second amended complaint on May 14, 2018, identifying the court as the Magistrate Division of the Oregon Tax Court and identifying the above-captioned defendants.

Plaintiff's second amended complaint asserts claims of "personal injury," "negligence," and "ecological abuse," requesting damages of $90,000. Plaintiff did not attach any document recording an act, omission, order or determination of a tax official or tax agency. The court sent a second information request to Plaintiff on May 15, 2018, inquiring about service on the tobacco company defendants and requesting a copy of the document appealed. On May 18, 2018, the court served copies of the complaint on all defendants and instructed the defendants to respond in writing to the complaint within 30 days.

Defendant Department of Revenue (the Department) filed its Answer on May 23, 2018, disagreeing "that the issues raised in the complaint are under the jurisdiction of the Oregon Department of Revenue" and requesting that the case be dismissed. The tobacco company defendants did not timely file responses to the second amended complaint. A case management conference was held on July 12, 2018, during which the court discussed its jurisdiction under ORS 305.410(1) and ORS 305.275(1).[2] Plaintiff agreed to file a written response to the Department's motion to dismiss, identifying his legally cognizable claim(s) arising under the tax laws of this state. Thereafter, Plaintiff filed his motion for default and the tobacco company defendants appeared on August 6, 2018, filing their opposition to Plaintiff's motion for default.

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

B.    *Parties' Contentions*

Plaintiff asks the court to grant default judgment against the tobacco company defendants because they failed to timely file responsive pleadings within 30 days of the court's notice of filing.  (*See* Ptf's Resp at 2, Aug 30, 2018.)  Plaintiff maintains that the tobacco company defendants waited an unreasonable amount of time to respond after May 18, 2018.  (*See id.*)

In response to Plaintiff's motion for default, the tobacco company defendants argue that the court must dismiss Plaintiff's second amended complaint because it does not assert any claim arising under Oregon's tax laws and, therefore, does not fall within the subject matter jurisdiction of the court.  (Defs' Opp'n at 1, 3.)  Plaintiff explains the connection between his complaint and Oregon tax law as follows: "Because the department of revenue oversees tobacco taxes; because that tax is withheld and contributed to by the State of Oregon Tobacco Tax, a magistrate judge has the authority to Grant permission to Plaintiff preventing Big Tobacco Corporations allowance to introduce Bi-products inside the tobacco."  (Ptf's motion for default at 1.)

C.    *Order of Analysis*

There are two motions before the court: Plaintiff's motion for default and Defendants' motion to dismiss for lack of subject matter jurisdiction.

For the court to enter a decision or judgment, it must have subject matter jurisdiction over the complaint.  Indeed, "[c]ourts are required to consider *sua sponte* the existence or not of subject matter jurisdiction, and subject matter jurisdiction can be raised at any time."  *Work v. Dept. of Rev.*, TC 5286, 2017 WL 3135940 at *8 (Or Tax Jul 20, 2017).  If the magistrate acts outside of the court's jurisdiction, then the magistrate's decision may be vacated and no judgment may be entered reflecting the magistrate's decision. *See id.* at *8, *12.  Accordingly, the court must consider Defendants' motion to dismiss before considering Plaintiff's motion for default.

D.    *Subject Matter Jurisdiction*

This court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The Supreme Court observed that questions that "must be resolved in order to decide taxability or the amount of tax" arise under the tax laws, whereas "a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences." *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983). That is, "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701. To determine whether a claim has some bearing on tax liability, the court must analyze the nature of the relief requested. *See Perkins v. Dept. of Rev.*, TC 5275, 2017 WL 1103574 at *3 (Or Tax Mar 23, 2017), citing *Sanok*, 294 Or at 697-98.

Here, Plaintiff seeks damages of $90,000 from the tobacco company defendants based on tort and consumer protection claims, "personal injury, negligence, and ecological abuse." He admits that he makes no claims against the Department, nor does he contest any tax assessment. Plaintiff maintains that this court has jurisdiction over his claims because tobacco taxes were paid by the tobacco company defendants and collected by the Department.

In *Sanok*, the Supreme Court observed that "[a] tort is not a tax matter simply because the tortfeasors are tax assessors." 294 Or at 697-98. Jurisdiction over "a pure tort action" lies in circuit court, not in the tax court.[3] *Id.* at 697. Accordingly, the court concludes that Plaintiff's tort and consumer protection claims are not within this court's jurisdiction even if state tobacco taxes were paid to purchase the tobacco company defendants' products. Because Plaintiff has

---

[3] The court in *Sanok* observed important differences between the tax court and the circuit courts with respect to tort claims, such as the circuit court's ability to provide a jury trial. 294 Or at 697, n21. "All proceedings before the judge of the tax court * * * shall be tried without a jury * * *." ORS 305.425(1).

made no tax claims—that is, claims with some bearing on tax liability—the court concludes that this case must be dismissed for lack of subject matter jurisdiction. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's complaint is dismissed.

Dated this ____ day of October 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on October 9, 2018.*