IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DONALD-WAYNE RICARD, Beneficiary, )
)
        Plaintiff, )    TC-MD 250142N
)
     v. )
)
KLAMATH COUNTY ASSESSOR, )
)   **ORDER DENYING DEFAULT,**
        Defendant. )   **GRANTING SITE INSPECTION**

This matter came before the court on Plaintiff's motion for default (motion) and

Defendant's request for a site inspection (request).  A case management conference was held on

May 7, 2025, during which the motion and request were discussed.  Plaintiff objected to

Defendant's request for an inspection, but declined to submit a written response, relying instead

on his statements during the case management conference.  Thereafter, the court took this matter

under advisement.

A.    *Plaintiff's Motion for Default*

Plaintiff requests "a default judgment against Defendant" based on Defendant's "failure

to respond to the Complaint filed in this matter on" April 4, 2025.[1]  (Ptf's Mot at 1.)  An Answer

from Defendant was filed with the court on April 10, 2025.  It included a certificate of service

indicating that it was served on Plaintiff by certified mail on April 7, 2025.  Plaintiff confirmed

the address of service was correct but maintained that he never received a copy of the Answer.[2]

/ / /

---

[1] Plaintiff erroneously alleged that the Complaint was filed on April 3, 2025.  (Ptf's mot for default at 1.)

[2] Plaintiff's claim that he never received a copy of the Answer is undermined by the document he filed on April 23, 2025, in which he responded to discovery requests attached to the Answer.  (*See* Ptf's Ltr at 3-4, Apr 23, 2025, (referencing "defendant's 'Exhibit A'", including the request for specific documents, responding that the requests are "unreasonable" and alleging that they violate the Fifth Amendment).)

Tax Court Rule-Magistrate Division (TCR-MD) 7 F(1) permits a plaintiff to file a motion for default "when a defendant has failed to file an answer or response." Here, Defendant filed a timely Answer to Plaintiff's Complaint and certified that it mailed a copy to Plaintiff at the address provided on the Complaint. There is no basis for an order of default against Defendant.

B.      *Defendant's Request for Site Inspection*

In its Answer and at the case management conference, Defendant requested an inspection of the subject property. Plaintiff opposed that request, indicating that Defendant had already received information about the subject property from "code enforcement" and that he would not permit Defendant's appraisers onto his property because they are "criminals." In a written response filed April 23, 2025, Plaintiff opposed the request as a violation of his "private land rights" and "of the contracting laws." (Ptf's Ltr at 6, Apr 23, 2025.)

The subject of this appeal is property identified as Account 396388 (subject property), which included land and manufactured structures according to Defendant's assessment for the 2024-25 tax year. (Compl at 1-2.) Among other claims outside the jurisdiction of this court,[3] Plaintiff seeks a reduction in the value of the subject property for the 2023-24 and 2024-25 tax years. (*See* Compl at 1; Ptf's Ltr at 6-11, Apr 23, 2025.) Plaintiff alleges that the "shed" on the subject property lacked access to water and electricity. (Ptf's Ltr at 8, Apr 23, 2025.) He further alleges that it lacked a "foundation" and was "put together very poorly." (*Id.* at 9.) Plaintiff challenges the construction class of the subject property improvement. (*Id.* at 10.) At the case management conference, Defendant's representative expressed a willingness to review and

---

[3] Plaintiff alleges that Defendant has committed crimes including "taxation without representation," "mail fraud," and "hate crimes." (Ptf's Compl at 1; Ptf's Ltr at 7, Apr 23, 2025.) The court's jurisdiction is set forth in ORS 305.410 and includes "questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The court's jurisdiction does not extend to alleged torts committed by a tax assessor. *See Sanok v. Grimes*, 294 Or 684, 701, 662 P2d 693 (1983) ("A tort is not a tax matter simply because the tortfeasors are tax assessors.").

consider those allegations during a site inspection of the subject property.

Discovery is permitted in the Magistrate Division, including a site inspection when relevant. *See* TCR-MD 9 B(2). That rule provides: "A party may request from the court an order compelling a site inspection. Before filing a motion to compel a site inspection, the requesting party must make a written request for a site inspection to the other party and submit a copy of the written request to the court with the motion." TCR-MD 9 B(2). Here, Defendant has complied with the rule by making a written request for inspection in the Answer and asking for the court order an inspection during the case management conference.

Plaintiff appears to argue that an inspection is unnecessary in this case because Defendant has sufficient information from a prior code enforcement action. However, the appeal to this court is *de novo* or anew. *See* ORS 305.425(1).[4] "Because the statutes require and allow the court to determine the property's value anew, an assessor's request to inspect the property in order to gather data for trial is likely to be reasonable in many circumstances." *Salisbury v. Dept. of Rev.*, 24 OTR 497, 510 (2021). Plaintiff's "remedy" for concerns about "the assessor's intent or competence" is "to present and substantiate his own set of facts and conclusions." *Id.*; *see also* ORS 305.427 (placing on the plaintiff the burden of proof by a preponderance of the evidence). The court finds that an inspection of the subject property is relevant in this case because the issue is the subject property's value. Furthermore, Plaintiff has alleged that the improvement suffers from various deficiencies negatively impacting its value, putting the condition of the subject property's improvement at issue.

/ / /

/ / /

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

C.      *Conclusion*

Upon careful consideration, the court denies Plaintiff's motion for default and grants

Defendant's request for a site inspection.  Plaintiff shall allow an inspection of the subject

property within 30 days of the date of this order, or Plaintiff's appeal will be dismissed.  Now,

therefore,

IT IS ORDERED that Plaintiff's motion for default is denied.

IT IS FURTHER ORDERED that Defendant's request for a site inspection is granted.

Plaintiff shall allow an inspection of the subject property within 30 days of the date of this order,

or Plaintiff's appeal will be dismissed.

_____

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This Order was signed by Presiding Magistrate Allison R. Boomer and entered on May 19, 2025.***